STEVENSON, APPELLANT V. SALINE COUNTY ET AL.

| | |
|---|---|
| 65 | 425 |
| 98 | 674 |
| 65 | 425 |
| 115 | 478 |
| 65 | 425 |
| 146 | 128 |

1. **Practice, Supreme Court**: BILL OF EXCEPTIONS: MOTION FOR NEW TRIAL. A motion for a new trial, not incorporated in the bill of exceptions, though contained in the transcript, can not be noticed by the Supreme Court.

2. **Estoppel**: RECOGNITION OF TITLE IN ANOTHER. Where one procures an order of a county court for the sale of land, as of land then claimed by the county, and in the order the land is spoken of, as that "formerly owned" by the person procuring the order, he is estopped to deny or recall this recognition of title after another has acted upon it by purchasing the land of the county, paying the purchase money and making improvements thereon.

3. **Equity**: LACHES. It is too familiar a principle to require discussion that equity does not foster the prosecution of stale demands, encourage *laches*, or lend its aid to any but the prompt and vigilant.

4. **Case Adjudged.** Suit was instituted April, 1873, to redeem lands sold May, 1864, in virtue of an order of a county court, under a "school mortgage" from plaintiff to the county, made August, 1860, and bought in by the county. The land in April, 1869, was sold by the county to defendant for the amount of the mortgage debt and interest thereon. Defendant testified that prior to making the deferred payments of the purchase money, plaintiff stated that "all he claimed, was his wife's dower;" plaintiff testified that he "did not think" that he ever so stated. Aside from this testimony, it appeared that plaintiff had, in 1868, treated the land as belonging to the county, by procuring an order from the county court for its sale to his son, in which order the land was spoken of as that

"formerly owned" by plaintiff, and though defendant had not seen this order, he was not ignorant of its substance. It also appeared that defendant had made improvements upon the land, and had completed payment of the purchase money two years prior to the institution of this suit, which was brought shortly after the decision in *Ray county v. Bentley*, 49 Mo. 236, to the effect, that counties could not become purchasers at sales made under school mortgages. *Held*, that the decree of the trial court, canceling plaintiff's notes, and transferring the legal title to the land to defendant, was correct; and, although the trial court based its decree upon the ground of *estoppel* alone, it could also be sustained on the ground of *laches*.

*Appeal from Saline Circuit Court.*—HON. WILLIAM T. WOOD, Judge.

*Draffen & Williams* for appellant.

I. The county of Saline could not become the purchaser of the land at the sale by the sheriff under the mortgage, and hence said sale was a mere nullity and the rights of the parties were not altered thereby. It was the same as if no sale had been made. *Ray County v. Bently*, 49 Mo. 236.

II. There never having been a legal foreclosure of the mortgage, the sale by the county transferred to Van Meter the rights of the beneficiary, the county, and did not affect the plaintiff's equity of redemption. *Johnson v. Houston*, 47 Mo. 227.

III. There was no estoppel in this case. The county did have an interest in the land, and the offer to purchase the interest that she had as mortgagee is not inconsistent with the present application, or the claim now set up. But even if the plaintiffs had recognized the title asserted by the county, Van Meter testifies that he knew nothing of it, and understood, when he bought, that Stevenson claimed the land. An important element of estoppel is wanting. There was not even a knowledge of the facts relied on as an estoppel, much less any acting upon them by Van Meter. *Newman v. Hook*, 37 Mo. 207; *State ex rel., v.*

*Laies*, 52 Mo. 396; *Bales v. Perry*, 51 Mo. 449; Bigelow on Estoppel, 560.

*Waters & Winslow* with *Shackelford & Vest* for respondents.

1. The plaintiff's demand is stale and should not now be enforced. The sale was made in 1864, and he made no effort to redeem until 1868, and then not for himself. After obtaining an order as agent for his son, permitting him to buy on very favorable terms, and trying, from November, 1868 until April, 1869, to comply with its terms, he failed because he could not raise the money to make the cash payment. From 1860 to 1869 he had not paid a cent of interest. His mortgages had been forfeited nine years, the land had been sold five years, he was given every opportunity to redeem or sell, and failed to make any arrangements. Having exhausted all chances with the plaintiff, the county found a satisfactory purchaser in Vanmeter, and the land was sold to him. Plaintiff went to see Vanmeter about the sale, but whether the claim he set up was to redeem the mortgage or his wife's dower, is a matter of conflict between them. And here intervenes another fatal delay. Why did he not commence his proceedings at once to redeem? Vanmeter had only paid $500.00 on the purchase. Instead of acting promptly, he went away and paid no further attention to the matter until 1873. In the meantime Vanmeter had completed his purchase. Why this delay of *four more years*, making *thirteen years* he had permitted his mortgages to remain forfeited and his interest unpaid, during *nine years* of which this sale had remained unquestioned? We think the answer is apparent. He thought the sale was *valid*, and so treated it in his dealings with the county. After the sale to Vanmeter, he abandoned all idea of getting anything out of the land. He says he did not care who got the land so he got the surplus money, and that was all he was figuring for in 1869. In 1872, *Ray county v. Bently*, was decided, and in the spring

of 1873 it had become generally known in the State. This suit followed right in its wake, as did many others, and this explains why there was so much energy after so much lethargy. Where are the circumstances "which will excuse the seeming laches, and palliate the apparent delay," shown in this record? *Evans v. Snyder*, 64 Mo. 516; *Cox v. Montgomery*, 36 Ill. 396; *McNew v. Booth*, 42 Mo. 189. The facts on the record show that plaintiff is estopped by his own acts and dealings. Appellant's counsel seek to avoid the force of the estoppel by the assumed fact that Vanmeter did not know of the acts constituting the estoppel. But this is a perversion of the facts shown on the record. They say Vanmeter swears he knew nothing of these acts; but he swears to nothing of the kind. He says, " I cannot say that I knew of the record of the county court permitting J. W. Stevenson to purchase the lands. *I had heard what the proceedings of the court was.*" Again, " *I had heard of its being sold to young Stevenson.*" Besides, many of the acts involved in the estoppel were matters of public notoriety, as will be seen. Hence, the statement that Vanmeter was ignorant of the facts, is a great mistake. Even if this were the fact, the county is a party to the suit and has a large interest to protect; and it cannot be said that the county was ignorant of the facts. If he is estopped as to the county, Vanmeter is protected by it.

SHERWOOD, C. J.—The motion for a new trial has not been incorporated in the bill of exceptions, and, though contained in the transcript, cannot be noticed. (*Pacific R. R. Co. v. Opel*, decided at last term; *Collins v. Barding*, *infra p.* 496.) But could this preliminary impediment be overcome, it would avail the plaintiff nothing, and this, because: His suit is to redeem lands sold under what is termed colloquially a " school mortgage," which was made to Saline county in August, 1860, to secure a bond due in December of that year. In May, 1864, the land was, under an order of the county court, sold, and a deed made by the sheriff to the

county. In April, 1869, under an order of the county court, its agent Berryman sold the land to defendant Vanmeter for $3,500, (this being the amount of the mortgage debt and interest,) $500 of which was paid down, and the residue in one and two years. About six weeks after Vanmeter purchased, plaintiff came to the place, stayed all night, stated to Vanmeter that he had understood he had purchased his land, and then said that "*all he claimed was his wife's dower*." This testimony of Vanmeter's was met by plaintiff's rather negative statement, that he "did not think" he ever made the statement attributed to him. After that, Vanmeter completed the payment of the purchase money, and made improvements prior to this suit, which was not instituted until April, 1873, two years subsequent to the completion of the purchase by Vanmeter, and shortly after the appearance of a decision of this court, that counties could not become purchasers at sales made under mortgages of the character involved in the present suit. (*Ray county v. Bently*, 49 Mo. 236;) and that such sales were wholly invalid. And aside from plaintiff's statement of his only claiming his wife's dower in the land, there is testimony that plaintiff had in 1868, through the agency of his son, treated the land as belonging to the county, by procuring an order to be made for the sale of the land to his son, which was never complied with. In this order permitting the son to buy, the land is spoken of as that "formerly owned" by the father. And of the substance of this order, Vanmeter, as his testimony shows, although he had not seen the order itself, was not ignorant. This recognition of title in the county, the plaintiff, after having made it, and after another has acted on it, expended money and made improvements, is surely estopped to recall or deny. Besides, this proceeding to redeem is addressed to the chancery jurisdiction of the court.

It is too familiar a principle to require discussion, that equity does not foster the prosecution of stale demands, encourage *laches*, or lend its aid to any but the prompt and

vigilant. Here, the land could have been sold for the default in the payment of the debt in 1860, but this is not done until 1864. The debt, in consequence of interest, is rapidly increasing in amount, and the land affording with every year less security for the debt. The plaintiff pays not a cent of his debt during all these long years, but recognizes the validity of the sale. And it is not until the animating influences of the decision referred to, reach him, that he attempts to redeem. Meanwhile, as before stated, the land has been sold by the county, bought, paid for and improved by Vanmeter. We are fully of opinion, that the facts already adverted to, as well as others having tendency in the same direction, bring this case within the rules respecting *laches* and estoppel heretofore enunciated by us. (*Wells v. Perry*, 62 Mo. 573; *Landrum v. Union Bank*, 63 Mo. 48; *Collins v. Rogers*, Id. 515; *Evans v. Snyder*, 64 Mo. 516; *Medsker v. Swaney*, 45 Mo. 273; *Tatum v. Holliday*, 59 Mo. 422; *Huntsucker v. Clark*, 12 Mo. 333).

The court below based its decree on the ground of estoppel alone; but the decree may also rest upon that of *laches*. We therefore affirm the judgment.

All concur.

AFFIRMED.