## The State v. Treace, *Appellant.*

**Practice in Supreme. Court: BILL OF EXCEPTIONS.** The Supreme
Court will not consider objections to the competency of a juror,
when the only evidence impeaching him consists of an affidavit at-
tached to the record, but not copied in the bill of exceptions, or
otherwise shown to have been before the trial court when the
question of competency was presented to that court.

*Appeal from Newton Circuit Court.*—HON. JOSEPH CRAVENS,
Judge.

*A. J. Harbison* for appellant.

*J. L. Smith,* Attorney-General, for respondent.

The affidavit is manifestly no part of the record herein
and ought not to meet with any consideration on the part
of the court.

NORTON, J.—The defendant was indicted jointly with
one Jesse Lynch, in the circuit court of Newton county,
for the murder of one Birdie Lynch. On a separate trial
she was convicted of murder in the second degree, and sen-
tenced to the penitentiary for thirty-five years and six
months.

This case is in all respects like the case of *The State v.
Jesse Lynch,* decided at the last term of this court, except
the additional ground alleged in the motion for a new trial,
that one Henry Vernichren, upon his examination touching
his qualifications as a juror, did not disclose the fact, that
he had formed and expressed an opinion in regard to de-
fendant's guilt, when the fact was, that he had formed and
expressed such opinion.

This cause assigned for a new trial in the motion is
unsupported, unless we consider an affidavit attached to
the record as affording such evidence. This affidavit is not
copied in the bill of exceptions, it is not marked filed as a
paper in the cause, and there is nothing to show that it

was before the court when the motion was heard and determined.

Judgment affirmed, the other judges concurring.

AFFIRMED.