## HILL ET AL v. HOLLOWAY.

1. **Practice in the Supreme Court:** RECORD: BILL OF EXCEPTIONS. Where a bill of exceptions is signed by the judge before the evidence has been inserted, it should contain such reference thereto as will unmistakably identify that which is to be incorporated. A bill of exceptions which simply directed the clerk to "insert all the evidence, rulings, objections and exceptions" was held fatally defective, and on motion the evidence so inserted was stricken from the record.

*Appeal from Webster Circuit Court.*

SATURDAY, DECEMBER 13.

PER CURIAM.—The appellee in this case moves that the evidence be stricken from the transcript and from the abstract upon the alleged ground that the evidence is not identified, certified or preserved by a bill of exceptions. The only reference in the bill of exceptions to the evidence is as follows: "That on the trial of said cause the following was the entire evidence in said cause and the rulings of the court on the same, and the rulings of the court on all the evidence, which evidence, rulings of the court, exceptions, and all the rulings of the court on the evidence are as follows, viz: (Here let the clerk insert all the evidence, rulings, objections and exceptions.") This is simply a general direction to the clerk to insert all the evidence in the case. The judge settling and signing the bill of exceptions does not determine what is the evidence which was introduced upon

1. PRACTICE in the supreme court: record: bill of exceptions.

the trial, and is to be incorporated in the bill of exceptions, but leaves that question entirely to the determination of the clerk. The bill of exceptions does not indicate any source from which the clerk shall derive information upon the subject. Whether he shall determine the evidence from notes kept by the judge, or from notes of the official reporter, or from depositions on file, or from his own recollection, or from all these and other sources combined, the bill of exceptions is entirely silent. It is apparent that very great abuses might follow such a practice, if it should be allowed and become general. The testimony should be so unmistakably indentified, as to render it certain what is to be incorporated into the transcript and become a part of the record, without leaving anything to the determination of the clerk or the parties. It is the business of the court to determine with precision what shall be made a part of the record. It must not be left to inference, or to be established by evidence outside of the record.

When the testimony is taken by deposition, or is preserved by the official short hand reporter, it is not necessary that the depositions or the reporter's notes should be copied in full in the bill of exceptions, before it receives the judge's signature, but in such case they should be referred to as part of the bill, by some means of identification, so as to leave no doubt, when found in the record, that they are the papers referred to in the bill. It is necessary, under our statute, that any paper, not spread out at length in the bill of exceptions, shall be incorporated therein by some unmistakable reference thereto. Code, section 2839. For a valuable decision on this subject see *Atchison & Nebraska Railroad Co. v. Wayne*, 19 Kansas, 335.

The motion to strike from the abstract and the transcript what purports to be the evidence in the case is sustained.