## THE STATE v. DUNN, *Appellant.*

1. **Affray**: PLEADING, CRIMINAL. An indictment for an affray framed under section 6, page 491, Wagner's Statutes, charged that defendant " on, etc., at, etc., did, in a public place, unlawfully assault one C, and beat, strike, kick and bruise him, which assault, so as aforesaid, was in an angry and quarrelsome manner, to the disturbance of others, the citizens of said county," etc. *Held,* sufficient.

2. **Practice, Criminal**: MOTION FOR NEW TRIAL. The rule that the motion for new trial must be incorporated in the bill of exceptions is as imperative in criminal as in civil cases. If it be not complied with, this court can notice no errors which only constitute matter of exception.

3. ——— : EVIDENCE. A record offered to prove a former conviction for the same offense; *Held,* not sufficient for the purpose

*Appeal from Butler Circuit Court.* — HON. R. P. OWEN, Judge.

AFFIRMED.

This was an indictment for an affray found on the 15th day of May, 1877. It charged that defendant, " on the 14th day of May, 1877, at the county of Butler and State of Missouri, did, in a public place in the town of Poplar Bluff, in said county, unlawfully assault one Stephen M. Chapman, and beat, strike, kick and bruise him, the said Chapman, which assault, so as aforesaid, was in an angry and quarrelsome manner, to the disturbance of others, the citizens of said town and county, against the peace and dignity of the State." The defendant relied upon a conviction for the same offense before the chairman of the board of trustees of the town of Poplar Bluff, as a defense to the indictment, and offered in evidence the following transcript of proceedings before that officer: " The inhabitants of the town of Poplar Bluff against A. H. Dunn. For violating ordinance No. 3 (three), page 121, charged with fighting, plead guilty, and was fined $10 and cost. May 15th, 1877. Dan. Morris, Chairman." Under the instructions of the court the jury found defendant

guilty. In due time motions for new trial and in arrest of judgment were filed. These motions are not set out in full in the bill of exceptions, but are stated to have been filed, and are called for thus: "See page 7 of this transcript," where they appear set out at full length.

*S. G. Kitchen* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

## I.

Sherwood, C. J.—The indictment is framed under section 6, page 491, 1 Wagner's Statutes, and states all that is necessary under that section to constitute an affray, and is, consequently, sufficient; and that offense was indictable when the indictment was found—and the circuit court had jurisdiction.

## II.

The instructions given in behalf of the State would seem to have presented the law with unexceptionable fairness to the jury, and as the evidence has not been preserved, it will be presumed that the evidence adduced at the trial warranted their giving. But those instructions are not the subject for appropriate discussion here, for a reason we will now state: The same rule is applicable in criminal as in civil cases, as to the necessity of the incorporation of the motion for a new trial in the bill of exceptions. As the motion mentioned has not been thus incorporated, we cannot notice any of the alleged errors occurring during the trial, that is to say errors which only constitute matter of exception, and not arising on the face of the record proper.

## III.

But could we ignore that rule, it would not help the defendant. His evidence, so far as preserved, was offered on the single point, *i. e.*, to show that he had been tried

and convicted for the same offense by the town authorities of Poplar Bluff, and did not show that such was the case. *State v. Wister*, 62 Mo. 592. Judgment affirmed. All concur.