THE STATE v. McCRAY, *Appellant.*

| 74 | 303 |
| 31a | 317 |
| 74 | 303 |
| 98 | 674 |
| 74 | 303 |
| 105 | 317 |
| 74 | 303 |
| 115 | 478 |
| 74 | 303 |
| 146 | 128 |
| 74 | 303 |
| 90a | 168 |
| 74 | 303 |
| 102a | 37 |

1.  **Practice, Criminal**: MOTION FOR NEW TRIAL. The rule that the motion for new trial must be incorporated in the bill of exceptions, is the same in criminal as in civil cases. If it be not complied with, this court cannot notice exceptions taken at the trial to the introduction of evidence or the giving or refusing of instructions. *State v. Dunn*, 73 Mo. 586.

2.  ———: AMENDMENTS. There is no error in permitting the prosecuting attorney during the trial of an information to cure an informality in the affidavit by filing a new and correct one.

3.  **An Information for Obstructing the Highway,** held sufficient.

4.  **Nunc pro tunc Entries.** The trial court committed no error in making the *nunc pro tunc* entry complained of in this case.

*Appeal from Caldwell Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

This was an information for obstructing a public road,

originally drawn in two counts. There was a *nol. pros.* as
to the second count. The first was as follows: " William
McAfee, prosecuting attorney of the county of Caldwell,
informs the court that at all the dates hereinafter men-
tioned there was and yet is a certain public road in the
said county of Caldwell, commonly called the Brunswick
and Savannah road, which said road, after passing through
the town of Kingston, extended from the western end of
that public street in the town of Kingston commonly called
Broadway, which terminates at the eastern line of the
north half of the southwest quarter of the southeast quar-
ter of section 21, in township 56, range 28, in a westerly
direction to the western line of the north half of the south-
west quarter of the southeast quarter of said section 21,
and thence in a northwesterly direction to the towns of
Cameron and Savannah, which said public road was laid
out, established and maintained pursuant to the laws of
this State for the people of this State to pass and travel
upon at their free-will and pleasure, and that on the 1st
day of May, 1877, the defendant, James C. McCray, at
that point of the said public road in said county of Cald-
well where the east line of the tract of land above described
crosses the said road, did unlawfully, injuriously, willfully
and knowingly obstruct the said public road, by then and
there constructing and causing to be constructed over and
across the said public road a rail and worm fence of the
length of eighty feet, and of the height of five feet, and
by then and there willfully and knowingly keeping, con-
tinuing and maintaining the said rail and worm fence from
the date aforesaid until the presentation of this informa-
tion upon and across said public road, by which said road,
during all the time aforesaid, was so obstructed that the
people could not pass over or travel upon the same so freely
as they were wont to do, to the common damage and nui-
sance of all the people of the State, and against the peace
and dignity of the State."

This information was signed by the prosecuting attor-

ney, and appended to it was an affidavit to the truth of the statements therein contained, with a jurat attached. The jurat was signed by the clerk of the circuit court but the affidavit was not signed. After the jury were sworn the prosecuting attorney, by leave of court, filed an affidavit to the information in due form.

At the return term the defendant appeared and moved the court to grant a rule on the plaintiff to produce the record of the county court showing the establishment of the road alleged to be obstructed, alleging that defendant had made diligent search for such record and had failed to find it, and if any such existed it was in the possession of plaintiff. This motion was overruled, and on the same day a jury was empaneled and the trial progressed. The record entry is as follows: "Now on this day comes into court William McAfee, prosecuting attorney; also comes the defendant, by his attorneys, and in his own proper person, and this cause coming on to be heard, and both parties being ready for trial, whereupon a jury is ordered, and the following jurors, to-wit," etc. On the day after the trial, and at the same term of court, the following entry was made: " It appearing to the court that the waiving of formal arraignment and the plea of not guilty in the above cause failing to appear upon the record, it is ordered by the court that the entry be made now for then, and to read as follows: The defendant waives a formal arraignment and enters a plea of not guilty."

*Dodge, Hoskinson, Kemp & Ross* for appellant.

*Johnson & McAfee* with *D. H. McIntyre*, Attorney General, for the State.

## I.

SHERWOOD, C. J.—There is no motion for new trial incorporated in the bill of exceptions; consequently, what occurred at the trial in the way of evidence adduced, or instructions given or refused, cannot be noticed by us.

The rule in this regard is the same in criminal as in civil causes.

## II.

There was no error in permitting the prosecuting attorney to file an amended affidavit to the information. He had already filed an affidavit at the time he filed the information, and the statute is express that when he has done so, he may file an amended affidavit. Meyer's Supplt., p. 309, § 48.

## III.

The information is well enough as to form and sufficiently describes the offense.

## IV.

We think it evident that the defendant did, in fact, waive a formal arraignment and enter a plea of not guilty. The record shows as much. In such circumstances, it was certainly competent for the court to make the proper entry *nunc pro tunc*. If, however, there had been no issue raised by the defendant pleading not guilty, of course an entry *nunc pro tunc* could not cure such a defect. The only object of such an entry is, not to supply facts, but simply record evidence of that which actually occurred and should have been entered upon the record at the time. The authorities cited for the State do not apply to a case like the present. Finding no error relating to the trial we can examine, and none in the record proper, we affirm the judgment. All concur.