LOCKARD v. THE CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA R'Y CO.

1. **Bill of Exceptions:** IDENTIFICATION OF EVIDENCE. A skeleton bill of exceptions which does not identify the evidence to which it refers is insufficient to preserve such evidence for the purposes of an appeal.

2. **Practice in Supreme Court:** FAILURE OF EVIDENCE. This court cannot say that the circuit court erroneously dismissed plaintiff's action for want of proof, when plaintiff does not bring his evidence before this court.

*Appeal from Woodbury Circuit Court.*

WEDNESDAY, JUNE 3.

Lockard v. The Chicago, St. Paul, Minneapolis & Omaha R'y Co.

THE plaintiff seeks by this action to recover damages of the defendant for composing and publishing an alleged libel concerning the plaintiff. A jury was impaneled for the trial of the cause, and the plaintiff introduced his evidence in support of his cause of action, whereupon the defendant moved the court to dismiss the action, upon the ground, among others, that there was an entire failure of proof on the part of the plaintiff. The motion was sustained. Plaintiff appeals.

*Geo. W. Cooper*, for appellant.

*J. H. & C. M. Swan*, for appellee.

ROTHROCK, J.—I. The defendant filed a motion with the submission of the cause, in which it is claimed that the evidence should be stricken from the abstract, because the bill of exceptions by which said evidence was sought to be preserved is what is known as a skeleton bill, and it in no way identifies or refers to the evidence to be inserted therein, or from what source it is to be obtained. The motion is well taken, and must be sustained.

The only reference to the evidence contained in the bill of exceptions is the following in brackets: "Here copy evidence of plaintiff." There is no designation whatever of the evidence to be copied, or where it is to be obtained, and we have held that without some identification of the evidence the bill of exceptions is insufficient. *Hill v. Holloway*, 52 Iowa, 678; *Wells v. Burlington, C. R. & N. R. Co.*, 56 Id., 520; *Tootle v. Phœnix Ins. Co.*, 62 Id., 362.

II. As the circuit court in sustaining the motion, determined that there was an entire failure of proof on the part of the plaintiff, and as the evidence has not been properly preserved and presented to us, it follows that the judgment must be

AFFIRMED.