## WILLIAMS v. WILLIAMS.

1. **Bill of Exceptions:** SKELETON: REFERENCE TO EVIDENCE. Where a bill of exceptions directs the clerk to insert the evidence, it must designate the evidence to be inserted, and a mere direction, "Here insert the testimony," is not sufficient, because it leaves the clerk to determine what testimony was introduced on the trial.

*Appeal from Poweshiek Circuit Court.*

WEDNESDAY, APRIL 7, 1886.

THIS is an action by which the plaintiff seeks to charge the defendant as a garnishee, upon the alleged ground that he is a creditor of Stephen Williams, against whom plaintiff holds a judgment for some $2,000 and interest. There was a trial by the court without a jury, and judgment was rendered for the defendant. Plaintiff appeals.

*John T. Scott*, for appellant.

*Haines & Lyman*, for appellee.

ROTHROCK, J.—The action is at law, and the plaintiff relies mainly for a reversal of the judgment upon the ground that the court was not warranted, from the evidence, in finding for the defendant. The defendant makes the question that the evidence was not properly preserved by bill of exceptions

or certificate of the trial judge, so as to authorize this court to determine the questions presented. The bill of exceptions, which was signed by the judge, so far as material to the question, is as follows:

"Be it remembered that on this twentieth day of December, A. D. 1883, this cause coming on for trial upon the issues therein joined, by agreement of parties a jury was waived, and the cause tried to the court. Be it further remembered that at a former trial of the issues of said cause, it had been ordered by the court that the testimony therein should be taken down by the official short-hand reporter. Be it further remembered that on the twentieth day December, 1883, this was, by · agreement of parties, submitted to the court upon the written evidence heretofore taken, without an appearance of any of the witnesses. Be it further remembered that the following is all the testimony offered or introduced upon the trial of said cause by the parties, and also shows and contains all rulings on objections to testimony and exceptions.

"(Clerk here insert the testimony.)"

The abstract of appellant contains, not only what purports to be oral evidence taken down by the short-hand reporter on the former trial, but it contains depositions, an examination of the garnishee, and other evidence.

It will be observed that a fair construction of the bill of exceptions would not authorize the clerk to insert any evidence but the testimony therein referred to, which was the testimony taken down by the reporter under order of the court at the former trial. At all events, there is no direction to the clerk as to the particular testimony he shall insert in the bill of exceptions. We have repeatedly held that the direction to the clerk must specify, designate and point out the evidence to be inserted in the bill. A mere direction to "here insert the testimony" leaves the clerk to determine what testimony or evidence was introduced at the trial. *Hill*

*v. Holloway*, 52 Iowa, 678; *Wells v. Burlington, C. R. &
N. R. Co.*, 56 Iowa, 520; and other cases.

We think that it must be held that the evidence has not
been preserved by any proper bill of exceptions, and the
judgment must be

AFFIRMED.