## PARKS v. THE COUNCIL BLUFFS INS. CO.

1. **Bill of Exceptions**: SKELETON: DIRECTIONS AS TO EVIDENCE. A skeleton bill of exceptions which contains no directions to the clerk as to the source from which he is to obtain the evidence to be inserted, but simply directs, "Clerk here insert the evidence," is not sufficient to preserve the evidence.

### *Appeal from Pocahontas District Court.*

### THURSDAY, JUNE 10, 1886.

THIS is an action upon a policy of insurance against loss by fire. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*Sapp & Pusey* and *L. W. Moody*, for appellant.

*McEwen & Garlock*, *W. C. Ralston* and *Robinson & Milchrist*, for appellee.

ROTHROCK, J.—I. The cause was tried in the court below at the January term, 1885. The answer and reply were filed on the twenty-first day of that month, and on the same day the defendant filed an application for a continuance, upon the ground of the absence of a witness. Objections were filed by the plaintiff, and the continuance was denied. The defendant obtained leave to amend the motion for a continuance, and filed additional affidavits. The amendment was made and additional affidavits filed on the next day. The plaintiff again objected to the motion, and the objections were sustained, and the motion overruled. The defendant excepted to the ruling, and assigns the same as error. We think the motion for continuance should have been sustained. The value of the property destroyed by fire, and for which plaintiff sought a recovery, was a material question in the case. The motion for continuance, and the affidavits in sup-

port thereof, show that the evidence of the absent witness was very material for the defendant. It was in the nature of direct admissions by the plaintiff that the property was of much less value than the damages claimed in the action. It is not claimed in the objections to the motion that the testimony of the witnesses was not material. The objections are grounded upon the want of diligence in the plaintiff in procuring the attendance of the absent witness. We think that due diligence was shown by the affidavits filed in support of the motion, and that the court, in the proper exercise of its discretion, should have sustained the motion. It unnecessary to set out the facts in this opinion as they appear in the affidavits. To do so would serve no useful purpose, as the ruling we make thereon will not serve as a precedent. Each question of this nature must be determined upon its own facts, which are never alike in all respects.

II. This is the only question which we can determine upon this appeal. The appellee filed a motion in this court to strike the evidence from the abstract and from the transcript, because it was not preserved by a proper bill of exceptions. The motion must be sustained. The bill of exceptions was what is denominated a skeleton bill, and contained no direction to the clerk of the court as to the source from which he was to obtain the evidence to insert in the bill. The only direction given to the clerk in regard to it is in these words: "Clerk here insert the evidence." We have repeatedly held that such a reference is insufficient. *Hill v. Holloway*, 52 Iowa, 678, and other cases.

For the error in overruling the motion for a continuance, the judgment will be

REVERSED.