J. P. McNEIL, Respondent, v. THE HOME INSURANCE COMPANY OF NEW YORK, Appellant.

St. Louis Court of Appeals, April 10, 1888.

1. PRACTICE, APPELLATE—MATTERS OF EXCEPTION.—No matter of exception to rulings made in the course of a trial can be reviewed on appeal or error, unless embodied in a bill of exceptions authenticated by the signature of the presiding judge.

2. ——— ——— MOTION FOR NEW TRIAL.—A motion for new trial, although apparently copied into the bill of exceptions, is not before the appellate court for consideration, when there is no language in the bill of exceptions declaring the supposed copy to be such in fact.

APPEAL from the Dent Circuit Court, HON. C. C. BLAND, Judge.

*Affirmed.*

E. A. Seay, for the appellant.

L. Judson and L. B. Woodside, for the respondent: The motion for new trial is not incorporated in, nor called for by, any bill of exceptions, and the court cannot review any errors occurring at the trial. *State ex rel. v. Burckhartt*, 83 Mo. 430; *Rotchford v. Cramer*, 65 Mo. 48; *Stevenson v. Saline County*, 65 Mo. 425; *Collins v. Barding*, 65 Mo. 496; *State v. Robinson*, 79 Mo. 66. The mere statement in a bill of exceptions that a motion for new trial was filed is not sufficient, it must be incorporated in the bill. *Rotchford v. Cramer*, 65 Mo. 48. The amendment to section 3776, General Statutes, approved March 31, 1885 (Acts 1885, p. 219), only changes the former rule in so far that it shall not be necessary to incorporate the motion in the original bill, but expressly provides that the bill of exceptions shall contain a direction to the clerk to copy the motion in the transcript.

Thompson, J., delivered the opinion of the court.

We regret that we have to dispose of this case upon a ground that does not touch the merits. Certain rules of procedure have been firmly established in this state, having been found, after long experience, necessary to preserve the integrity of judicial records and properly to present the rulings of the trial courts for review by appeal or error. One of these is, that no matter of exception to rulings made in the course of the trial can be reviewed on appeal or error, unless brought to the attention of the reviewing court by being embodied in a bill of exceptions authenticated by the signature of the presiding judge. *Bevin v. Powell*, 11 Mo. App. 216, 220, and numerous cases there cited. The reason of this rule is founded in the policy of requiring the trial courts to review and correct their own errors, and of requiring parties complaining of such errors to

exhaust their remedies in those courts, before putting the adversary party to the delay and expense of defending an appeal or writ of error. Another rule is, that motions for new trials form no part of the record proper, and cannot, therefore, be considered by an appellate court unless embodied in the bill of exceptions. *Rotchford v. Creamer*, 65 Mo. 48 ; *Stevenson v. Saline County*, 65 Mo. 425 ; *Collins v. Barding*, 65 Mo. 496 ; *Jefferson City v. Opel*, 67 Mo. 394 ; *State v. Dunn*, 73 Mo. 586 ; *State v. McCray*, 74 Mo. 303 ; *State v. Robinson*, 79 Mo. 66 ; *State ex rel. v. Burckhartt*, 83 Mo. 430. Another rule is, that judicial records are made by order of the court, and not by order of counsel, or by the voluntary action of the clerk. *United States v. Gamble*, 10 Mo. 459 ; *Christy v. Meyers*, 21 Mo. 112 ; *Blount v. Zink*, 55 Mo. 455 ; *Jefferson City v. Opel*, 67 Mo. 394 ; *Ober v. Railroad*, 13 Mo. App. 84. Our practice permits the filing of what are termed "skeleton bills of exceptions," that is, of bills of exceptions drawn in skeleton form with blank spaces for the insertion of written instruments of evidence, motions, and other documents called for by the language of the bill. *Morrison v. Lehew*, 17 Mo. App. 633 ; *Roberts v. Bartlett*, 26 Mo. App. 619. But where such bills of exceptions are allowed, it is a settled rule of procedure that the clerk is not authorized to copy therein any such written instrument unless it is called for by the language of the bill and in terms so distinct as to identify to a common intent the particular instrument called for. *Roberts v. Bartlett, supra*, and cases cited ; see also, *Kesler v. Myers*, 41 Ind. 543, 551 ; *Hill v. Holloway*, 52 Ia. 678 ; *Wells v. Railroad*, 56 Ia. 520 ; *Lesser v. Banks*, 46 Ark. 482 ; *Railroad v. Godby*, 45 Ark. 485 ; *Keith v. Optical Co.*, 48 Ark. 138 ; *Railroad v. Wagner*, 19 Kan. 335, 339.

Applying this principle to the record before us, we find in it no motion for a new trial of which we can take cognizance. The bill of exceptions recites the filing of a motion for a new trial, and then what purports to be

such motion is copied into the bill.    But it is not called for by the language of the bill, either by the use of the ordinary words, "which motion for new trial was in the words and figures following, to-wit," or by any other language.   It, therefore, forms no part of the record and cannot be considered by us on this appeal.

There being no motion for new trial which we can consider, we are remitted to the consideration of errors arising on the face of the record proper.    *Bevin v. Powell*, 11 Mo. App. 220.   No such errors are assigned, and we must, therefore, affirm the judgment.    Judge Rombauer concurring, it is so ordered.