The State v. Griffin.

---

## THE STATE v. GRIFFIN, *Appellant.*

1. Appellate Practice: BILL OF EXCEPTIONS. *Under the provisions of Revised Statutes, 1879, section 3776, as amended by the act of 1885 (Acts, p. 219), it is not necessary that the motion for new trial, or in arrest or the instructions filed in the lower court be copied or set forth in the bill of exceptions, provided the bill directs the clerk to copy the same and they are copied in the record sent to the appellate court.

2. ———— : ————. Where they are not set forth in the bill and there is no direction to the clerk to copy the same, no notice will be taken of them by the appellate court and only the record proper will be considered.

3. ———— : INSTRUCTIONS. Where no exceptions were saved to the giving of certain instructions, they will not be considered by the appellate court.

4. ———— : EXCEPTIONS : CRIMINAL LAW. The rule in regard to saving exceptions is the same in criminal as in civil cases.

*Appeal from McDonald Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*J. F. Williams, Joseph Park* and *Kersey & Meighan* for appellant.

*John M. Wood,* Attorney General, for the State.

(1) Neither the application for a continuance, nor the evidence, motion for a new trial or in arrest are made part of the record by being incorporated in a bill of exceptions, and they cannot be noticed by this court. Mere references to them in the bill by citing the page on which they appear is not sufficient. *Jefferson City v. Opel,* 67 Mo. 394; *Sturdevant v. Watkins,* 47 Mo. 177; *State v. Shehan,* 25 Mo. 565; *State v. Marshall,* 36 Mo. 400; *Blount v. Fink,* 55 Mo. 455; *Roberts v. Bartlett,* 26 Mo. App. 611; *Jones v. Christian,* 24 Mo. App. 540; *Morrison v. Lehen,* 17 Mo. App. 633. The motion for a new trial, in arrest of judgment and instructions, are not copied or set forth in the bill of exceptions, and there is no direction to the clerk to copy the same, as required by section 3776, as amended in 1885. (Laws 1885, p. 219.) So far as pertains the application for a continuance and the evidence, said act does not include the omission of either from the bill of exceptions, and a reference to them in the bill is insufficient to make them a part of the record. (2) No question can be raised as to the sufficiency of the indictment, and on the record proper the judgment should be affirmed. (3) Had the instructions been properly incorporated in the bill of exceptions, neither the record nor the bill of exceptions shows that any objections were ever made or exceptions saved to the giving of any of the instructions, and this court will not review the action of the trial court in giving said instructions. *State v. McDonald,* 85 Mo. 539, and authorities cited.

SHERWOOD, J.—The defendant was charged by the indictment with murder in the second degree. When

tried, he was convicted of that offense, and his punishment assessed at ten years in the penitentiary, and, being sentenced accordingly, he appeals at this court.

Section 3776, Revised Statutes, 1879, has been materially amended by the act approved March 31, 1885. Acts, 1885, p. 219. The amendatory section, so far as necessary to quote, reads as follows: "But it shall not be necessary for the review of the action of any lower court on appeal or writ of error, that the motion for a new trial, in arrest of judgment, or instructions filed in the lower court shall be copied or set forth in the bill of exceptions filed in the lower court, provided the bill of exceptions so filed contains a direction to the clerk to copy the same, and the same are so copied into the record sent up to the appellate court."

Under the well-settled practice and rule of this court, the evidence, the motion for new trial and in arrest, application for continuance and instructions, in short, all matters of exception not constituting part of the record proper, had to be incorporated in the bill of exceptions, or else they would not be noticed by this court; and the same rule applies in this regard in criminal, as in civil causes. R. S. 1879, secs. 1921, 3635, 3636; *State v. Shehan*, 25 Mo. 565; *Jefferson City v. Opel*, 67 Mo. 394; *Baker v. Loring*, 65 Mo. 527; *Stevenson v. Saline County*, 65 Mo. 425; *Sturdevant v. Watkins*, 47 Mo. 177; *State v. Wall*, 15 Mo. 208; *State v. Treace*, 66 Mo. 124; *Blount v. Zink*, 55 Mo. 455; *State v. Marshall*, 36 Mo. 400; *Tower v. Moore*, 52 Mo. 118; *State v. Dunn*, 73 Mo. 586; *State v. McCray*, 74 Mo. 303; *State v. Robinson*, 79 Mo. 66; *McCarthy v. McGinnis*, 76 Mo. 344.

As already seen, however, section 3776, as amended has so far modified and amended the rule heretofore prevailing, that the *motions for new trial, in arrest or instructions*, filed in the lower court, need no longer be copied or set forth in the bill of exceptions, "provided

the bill of exceptions so filed contains a direction to the clerk to copy the same, and the same are so copied into the record sent up to the appellate court." In this case, the motions for a new trial, in arrest, and the instructions are not copied or set forth in the bill of exceptions, nor is there in the bill of exceptions any direction to the clerk to copy the same. So that neither under the old rule, nor yet under the new, can any notice be taken of such matters.

As already seen the amendatory act does not embrace, within its terms, the *application for a continuance nor the evidence*, consequently a mere reference to these in the bill is not sufficient, either under the old rule nor under the new.

This being the case the only point open for examination is the record proper. There is no fault to be found there ; the indictment is exceptionally good.

And even if we could look at the instructions, though no compliance has been had with the amendatory section above noted, it would avail the defendant nothing, because no exceptions were saved to the giving of any instructions on the part of the state. *State v. McDonald*, 85 Mo. 539 and cas. cit. The rule in regard to saving exceptions is the same in criminal as in civil causes. *Ib.*

For these reasons, judgment affirmed. All concur but RAY, C. J., absent.