## THE STATE v. STEEN, *Appellant.*

### Division Two, May 2, 1893.

1. **Criminal Practice**: REMARKS OF PROSECUTING ATTORNEY, ETC.: BILL OF EXCEPTIONS. Remarks of the prosecuting attorney or rulings of the court not incorporated in the bill of exceptions will not be reviewed on appeal.

2. ——: TRIAL: COURT'S DISCRETION. The presumption is in favor of the propriety of the trial court's action in requiring the defendant to proceed with the trial, and its discretion will not be reviewed unless it is shown to have been abused or unwisely exercised.

3. ——: ——: STATUTE. Revised Statutes, 1889, sections 4222, 4223, which provide that unless a defendant be brought to trial within the time stated therein, he shall be discharged, apply only to cases where the delay is the fault of the state.

4. ——: CHANGE OF VENUE. A trial court is not authorized on a defendant's application for a change of venue because of the prejudice of the inhabitants of the county to send the case to another circuit and its order doing so is a nullity.

*Appeal from Polk Circuit Court.*—A. A. UNDERWOOD, ESQ., Special Judge.

AFFIRMED.

*B. J. Emerson*, for appellant.

*R. F. Walker*, Attorney General, for the state.

(1) The questions as to the introduction, admission and exclusion of evidence or remarks of the prosecuting attorney, suggested by defendant's motion for new trial, will not be considered by this court, since the same are not preserved in the bill of exceptions. Revised Statutes, 1889, sec. 4221; *State v. DeMosse*, 98 Mo. 340; *State v. Griffin*, 98 Mo. 672; *State v. Meyers*, 99 Mo. 107; *State v. Day*, 100 Mo. 242; *State v. Hope*, 100

Mo. 347. (2) The determination of an application for continuance must be left largely to the discretion and judgment of the trial court, and unless it appears that this discretion has been abused, this court will not interfere. Revised Statutes, 1889, sec. 4181; *State v. Dale*, 89 Mo. 579; *State v. Gamble*, 108 Mo. 500; *State v. Heinze*, 45 Mo. App. 403. (3) The trial court was not authorized on defendant's application for a change of venue, alleging prejudice on the part of the inhabitants of Webster county, to send the case to the criminal court of Greene county, not in the same judicial circuit. Revised Statutes, 1889, sec. 4152; *State v. Gabriel*, 88 Mo. 631. The order granting the change of venue to the criminal court of Greene county, being without authority, was a mere nullity and the circuit court of Webster did not lose jurisdiction, but was authorized to grant the change of venue to a county in the same judicial circuit. *State v. Kring*, 74 Mo. 612; *State v. Gabriel, supra.* (4) Defendant was tried the first term after the change of venue to Polk county, and was not entitled to be discharged. *State v. Cox*, 65 Mo. 29. No laches on the part of the state is shown.

BURGESS, J.—At the March term, 1888, of the circuit court of Webster county, an indictment was preferred by the grand jury against defendant, which, omitting the formal parts, is as follows:

"That one John Steen, late of the county and state aforesaid, on or about the twelfth day of February, 1888, at the county of Webster, state aforesaid, did then and there unlawfully, feloniously, knowingly, willfully and maliciously administer to one Henry Anderson, a large quantity of a certain deadly poison called strychnine—to-wit, two drachms of the said strychnine—with intent then and there feloniously, willfully and of his malice aforethought, him, the said Henry Anderson,

to kill and murder; which said poison was then and there actually taken and swallowed by the said Henry Anderson, but whereof death did not ensue; contrary to the statute in such cases made and provided, and against the peace and dignity of the state.

"And the grand jurors aforesaid, upon their oath aforesaid, summoned as aforesaid, do further find and present that the said John Steen, late of said county and state aforesaid, on or about the twelfth day of February, 1888, at the county of Webster, state of Missouri, unlawfully, knowingly and feloniously did mingle and mix a certain deadly poison called strychnine with a certain drink called whiskey, which said whiskey the said John Steen did then and there cause to be prepared and mixed with said poison, strychnine, with the intent feloniously, willfully and of his malice aforethought, the said Henry Anderson to injure and kill; he, the said John Steen, then and there believing that said whiskey would be given to and drank by the said Henry Anderson, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state."

The cause was continued from term to term until the March term, 1891, when defendant prayed and was granted a change of venue from the Webster circuit court, and said cause was sent to the criminal court of Greene county.

At the November term, 1891, of the criminal court of Greene county, this cause was stricken from the docket "for want of jurisdiction," and the papers returned to the circuit clerk of Webster county. At the March term, 1892, of the Webster circuit court, the petition and affidavit theretofore filed by defendant, praying for a change of venue, was granted, with the order that the venue be changed to the circuit court of Polk county. At the April term, 1892, of the Polk

circuit court, defendant filed his motion asking to be discharged, which was overruled.

At the same term defendant filed his affidavit for change of venue from the regular judge of said court, and asked the election of a special judge; whereupon A. A. Underwood was duly and regularly elected and took the oath of office. Defendant filed his motion asking to be discharged, which was overruled. He then filed his written application for a continuance, which was also overruled.

Upon the trial the demurrer of defendant to the evidence under the first count of the indictment was sustained, and defendant was convicted on the second count and his punishment assessed at imprisonment in the penitentiary for a term of two years. After unsuccessful motions for new trial and in arrest, the defendant appealed.

None of the testimony adduced at the trial has been preserved in the bill of exceptions. No brief has been filed by defendant.

I. There are twelve causes assigned by defendant in his motion for a new trial why the verdict of the jury should have been set aside and a new trial awarded him. Several of these are in regard to the action of the court as to the introduction, admission and exclusion of evidence, the overruling defendant's motion for a continuance, and remarks of the prosecuting attorney during the argument before the jury; but they cannot be considered by this court, since the evidence and the remarks of the prosecuting attorney are not preserved in the bill of exceptions. "Under the well settled practice and rule of this court, the evidence, the motion for a new trial and in arrest, application for continuance and instructions—in short, all matters of exception not constituting part of the record proper, had to be incorporated in the bill of exceptions,

or else they would not be noticed by this court; and the same rule applies in this regard in criminal, as in civil causes.'' Revised Statutes, 1889, sec. 4221; *State v. Griffin,* 98 Mo. 672; *State v. Shehane,* 25 Mo. 565; *Jefferson City v. Opel,* 67 Mo. 394; *Baker v. Loring,* 65 Mo. 527; *Stevenson v. Saline County,* 65 Mo. 425; *Sturdivant v. Watkins,* 47 Mo. 177; *State v. Wall,* 15 Mo. 208; *State v. Treace,* 66 Mo. 124; *State v. Marshall,* 36 Mo. 400; *Tower v. Moore,* 52 Mo. 118; *State v. Dunn,* 73 Mo. 586; *State v. McCray,* 74 Mo. 303; *State v. Robinson,* 79 Mo. 66; *McCarthy v. McGinnis,* 76 Mo. 344; *State v. DeMosse,* 98 Mo. 340.

II. We are unable to see any valid objections to the instructions given by the court. They seem to be in line with the adjudications of this court in similar cases, and in the form often approved.

III. Complaint is also made in regard to the action of the court in requiring defendant to proceed with the trial on Saturday evening, but it is not apparent from anything that appears in the record how his rights were prejudiced thereby, nor has any effort been made to do so. The presumption is in favor of the rulings of the trial court, and its discretion will not be reviewed unless it is shown to have been abused or unwisely exercised. *State v. Harkins,* 100 Mo. 666; *State v. Cunningham,* 100 Mo. 382.

IV. There was no error in the ruling of the court in overruling defendant's motion to be discharged on the ground that he had not been brought to trial before the end of the third term at which the indictment was found. Defendant was arrested on a *capias* made returnable to the September term 1889 of the Webster circuit court, was granted three continuances, and finally change of the venue was granted on his application. The cause was continued generally at one term, and one continuance was had on the application

of the state. He was tried at the first term after the change of venue was granted to Polk county, and was not entitled to be discharged. It is only in case that the state is in fault that the cause has not been brought to trial as provided for in sections 4222 and 4223, that a defendant is entitled to be discharged. Here the delay was occasioned by the continuances granted to defendant and the change of venue awarded on his application. Not only this but there was no exception taken and saved to the action of the court in overruling this motion, and it comes within the rule announced in the first paragraph of this opinion.

V. In the motion in arrest the point is made that the court had no jurisdiction of the cause and of defendant. In granting the change of venue by the circuit court of Webster county to the criminal court of Greene county, another and different circuit, the court acted improvidently, without authority of law, and such order was null and void. The criminal court acquired no jurisdiction by reason of such order, but it remained in the circuit court of Webster county just as it did before and as if said order had never been made. The circuit court of Webster county was not authorized on defendant's application for a change of venue, alleging prejudice on the part of the inhabitants of Webster county, to send the case to the criminal court of Greene county, not in the same judicial circuit. Revised Statutes, 1889, sec. 4152; *State v. Gabriel*, 88 Mo. 631. The change of venue was properly granted to the circuit court of Polk county, where the case was tried, and which court acquired jurisdiction over defendant and the case by virtue thereof.

VI. The indictment seems to be unobjectionable, and according to the forms approved in such cases by the best authors on criminal jurisprudence and practice and proceedings in criminal cases. We have been

unable to find any objection thereto, nor do we think there is any.

The defendant seems to have had a fair and impartial trial, and the verdict of the jury authorized by the evidence. There is no error in the record. The judgment is affirmed. All concur.