REYNOLDS, *Appellant*, v. CITIZENS' RAILWAY COMPANY.

Division One, November 15, 1898.

**Appellate Practice**: NO MOTION FOR NEW TRIAL. Appellant complains of the rulings of the trial court as to the competency of a juror. The record shows that a motion for a new trial was filed and overruled, but the motion is not preserved in the bill of exceptions. And hence it does not appear whether the motion specified such ruling of the court as one of the grounds thereof. *Held* that such rulings are not before this court for review, and there being no errors in the record proper, the judgment must be affirmed.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*Virgil Rule* for appellant.

*Smith P. Galt* for respondent.

The judgment below must be affirmed, as this court can not consider the question concerning the competency of this juror because the motion for new trial is not preserved in the record, and therefore it does not appear whether the action of the court in the matter of the competency of this juror was made one of the grounds of appellant's motion for a new trial; or, if so, whether the plaintiff excepted to the court's action on the motion for new trial. *State ·v. Robinson,* 79 Mo. 66; *State ex rel. v. Gaither,* 77 Mo. 305.

MARSHALL, J.—The plaintiff sued the defendant for five thousand dollars damages for injuries alleged in the petition to have been sustained by her while a passenger on one of its cars, by reason of the sudden starting of the car when she was attempting to get off of it.   The answer is a general denial and a plea of contributory negligence.   There was a trial in the circuit court, and a verdict for the defendant.  The testimony on the merits is not preserved, and the only point presented by the appellant for review is the testimony and ruling of the lower court as to the competency of George F. Moritz as a juror, and the correctness of the ruling of the circuit court in overruling plaintiff's peremptory challenge of the juror.   The bill of exceptions sets out in full the questions, answers of the juror, and the rulings of the court, and the record recites that a motion for new trial was filed and overruled.   But the motion for new trial itself is not preserved by the bill of exceptions and hence does not appear in· the transcript.   We can not, therefore, ascertain whether the alleged error of the court was distinctly called to the attention of the circuit court, by the motion for new trial, and that court given an opportunity of correcting

its own (alleged) error, or not, nor can we be informed whether the plaintiff properly saved exception to the overruling of the motion for new trial. In this shape the record presents nothing which this court will review. *State ex rel. Estes v. Gaither*, 77 Mo. 304; *State v. Robinson*, 79 Mo. 66; *State v. McCray*, 74 Mo. 305; *State v. Griffin*, 98 Mo. l. c. 674. In short, as was said by SHERWOOD, J., in the case last cited: "Under the well settled practice and rule of this court, the evidence, the motion for new trial and in arrest, application for continuance and instructions, in short, all matters of exception not constituting part of the record proper, had to be incorporated in the bill of exceptions, or else they would not be noticed by this court; and the same rule applies in criminal, as in civil cases. R. S. 1889, secs. 1921, 3635, 3636; *State v. Shehan*, 25 Mo. 565; *Jefferson City v. Opel*, 67 Mo. 394; *Baker v. Loring*, 65 Mo. 527; *Stevenson v. Saline Co.*, 65 Mo. 452; *Sturdevant v. Watkins*, 47 Mo. 177; *State v. Wall*, 15 Mo. 208; *State v. Treace*, 66 Mo. 124; *Blount v. Zink*, 55 Mo. 455; *State v. Marshall*, 36 Mo. 400; *Tower v. Moore*, 52 Mo. 118; *State v. Dunn*, 93 Mo. 586; *State v. McCarthy*, 74 Mo. 303; *State v. Robinson*, 79 Mo. 66; *McCray v. McGinnis*, 76 Mo. 344." To this may be added, *State ex rel. v. Farmers' Bank*, 144 Mo. 381; *State v. Whitesell*, 142 Mo. 467; *Ross v. Railroad*, 141 Mo. 390. In the case last cited, BURGESS, J., said: "It has been uniformly held by this court that unless an exception be taken and preserved by bill of exceptions to the action of the court in overruling a motion for a new trial, there is nothing before the Supreme Court for review, save and except the record proper." The rule is so well settled in our State that it is useless to multiply citations. The motion for new trial in this case is not preserved by bill of exceptions, nor does it appear that exception was saved to the action of the court in

overruling that motion. No error is apparent upon the face of the record proper, and there is therefore nothing open to review here. The judgment of the circuit court is affirmed. All concur.