STATE OF MISSOURI, Respondent, v. THOMAS
SPURGEON, Appellant.

St. Louis Court of Appeals, May 12, 1903.

1. Criminal Law: FORMER JEOPARDY: SPECIAL PLEA AND MERITS SUBMITTED TOGETHER: WAIVER. The plea of former jeopardy was tried at the request of defendant with the merits of the case, and submitted to a jury by an instruction authorizing it to return a general verdict of not guilty, should they find that such plea was sustained. By this course defendant waived any right he may have had to a separate verdict on such plea.

2. ———: INFORMATION SUFFICIENT: OBSTRUCTING, AND MAINTENANCE OF THE OBSTRUCTION. The defendant was charged in the information with obstructing a highway on a certain day by keeping a wire fence on it, and by continually obstructing it thereafter by maintaining such fence on it. This was a sufficient charge of obstructing the highway as distinguished from the maintenance of an obstruction in the highway, so as to justify a conviction for obstructing the same.

Appeal from Clark Circuit Court.—*Hon. Edwin R. McKee,* Judge.

AFFIRMED.

*Berkheimer & Dawson* for appellant.

(1) If a statute under which the indictment is drawn has two separate clauses, it must appear from the bill under which clause the defendant is prosecuted, in order that a conviction may be a bar. State v. Dale, 141 Mo. 284. All that is to be proved, must be alleged. 1 Bish. New Crim. Proc., secs. 81, 519; State v. Dale, supra; State v. Barbe, 136 Mo. 440; State v. Ferguson, 152 Mo. 92. (2) The verdict is not responsive to the issues made by the information, the plea of not guilty and the affirmative plea of former jeopardy. In such cases (while both may be tried together) there must be separate findings. In cases of misdemeanor both pleas can be tried together and both can be submitted to the jury at the same time, but in such case the jury should pass on the formal plea. Abbott's Criminal Brief, p. 77, sec. 125; Deaton v. State, 44 Texas 446; Faulk v. State, 52 Ala. 415; Dominick v. State, 40 Ala. 680.

*W. T. Rutherford* for respondent.

(1) From the instructions it will be seen that the appellant did not ask for a separate finding on his plea in bar. If error was committed it was invited by appellant, and he can not now be heard to complain of any such error, if any there was. Jennings v. Railroad,

99 Mo. 394; State v. Manicke, 139 Mo. 545; R. S. 1899, sec. 2535; State v. Jackson, 99 Mo. 60.   (2)   In view of the instructions the jury could not have returned the verdict they did, unless they had also passed on the special issue raised by the plea in bar.   28 Am. and Eng. Ency. of Law (1 Ed.), p. 289; Huppert v. Weisberger, 25 Mo. App. 95.

GOODE, J.—The defendant was prosecuted and convicted of the offense of obstructing a public road in Clark county.   Most of the testimony introduced at the trial related to the issue of whether there was a public road at the place where the obstruction was built, and on this question, suffice to say, there was plenty of evidence to show a road sixty feet wide has existed there since a time anterior to the Civil War.   The fence charged to be an unlawful obstruction, took up about one-half the road and enclosed it with the defendant's land, and the testimony shows he built part of the fence himself.   His guilt is clear and the points involved in the appeal are technical.   One of them is that he had been previously in jeopardy on the same charge and had been acquitted.   His plea of former acquittal was tried along with the merits of the present case with the consent of both parties, the dispute on that plea being whether the obstruction charged in the former information was the same as the one charged in the present case. This, of course, was an issue to be determined by the jury, but as there was only one verdict the defendant assigns for error that he was entitled to a separate verdict on his plea in bar.   Perhaps he was if he had asked it; but the court adopted his own request in instructing the jury, and he chose to have the plea of former acquittal tried as a defense to the merits of this case.   In fact the brief he filed in this court states that by consent of parties the two disputes were tried together.

The defendant presented and the court gave an instruction that if the jury believed an indictment had

been returned against him at the October term, 1900, of the Clark circuit court for building a fence in the public road as alleged in the present information, and that afterwards a jury was impaneled to try him on that indictment, and thereupon the prosecuting attorney entered a *nolle prosequi,* and the former indictment charged him with obstructing the highway at the place shown to be obstructed by the evidence in this case, the jury should return a verdict of not guilty. It must be ruled that the defendant waived his right to a separate verdict on the plea in bar.

Another point made for reversal is, that the defendant was charged in this information with maintaining an obstruction in a public road, but was convicted of obstructing the road by building a fence thereon, the contention of the defendant being that the statute under which he was tried created two offenses, one for obstructing a road and one for maintaining an obstruction. The information charged the defendant with obstructing the road on the first day of January, 1901, by keeping a wire fence on it and by continually obstructing it thereafter by keeping and maintaining said fence. The issue referred to the jury was whether or not the defendant on or about January 1, 1901, kept or maintained an obstruction in the road, and that issue was submitted by instructions given at the instance of both the State and the defendant. The information was a good one for obstructing the highway and was in the language of one approved by the Supreme Court in the case of State v. McCray, 74 Mo. 303.

The second clause of section 9454, Revised Statutes 1899, authorizes the imposition of a fine of five dollars a day for every day a road continues to be obstructed by a person who has had five days notice from a road overseer to remove the obstruction. No such punishment was visited on the defendant in this case, but he was found guilty of the offense with which he was charged and fined twenty-five dollars.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.