Tower, v. Moore,

——o——

GEORGE F. TOWER, Defendant in Error, *vs*. BENJAMIN R. MOORE, Plaintiff in Error.

1. *Practice, civil—Exceptions, bill of—Objections saved.*—This court will regard no errors, except those patent of record, unless saved by bill of exceptions.

2. *Practice, civil,—Trial—Jury, waiver of.*—Where defendant objected to going into the case, and took no further action in the case except to watch its progress and the clerk's entry was, "neither party requiring a jury the cause is submitted to the court," *Held*, that this was a sufficient waiver of trial by jury.

3. *Practice, civil—Parties—Appearance of—Trial.*—A party must either appear at a trial and abide the consequences or not appear. He cannot occupy an ambiguous position, partly appearing and partly not appearing.

*Error to Butler Circuit Court.*

*Kitchen and McGinnis*, for Plaintiff in Error.

I. A jury trial was wrongfully dispensed with by court. (Brown vs. H. & St. J. R. R. Co., 37 Mo., 299; Vaughn vs. Scade, 30 Mo., 604; 2 Abb. U. S. Prac., 140; Gen. Stat., ch 1. 69, § 14, p. 674; Scott vs. Russell, 39 Mo., 407.)

*Lee and Adams*, for Defendant in Error.

The record discloses that the parties either waived a jury trial in open court by appearing and "not demanding a jury and submitting said cause to the court," or waived the jury trial by not appearing at the trial.

SHERWOOD, Judge, delivered the opinion of the court.

Action in the Bulter Circuit Court by George F. Tower against Benj. R. Moore founded on a promissory note alleged in the petition to have been executed by defendant to one Story, assigned by the latter to Douglass and by Douglass to plaintiff.

The answer admitted the execution of the note and its transfer to Douglass, but pleaded payment thereof while in the hands of Douglass, and denied the transfer of the instrument to plaintiff.

A trial was had before the court, resulting in a judgment in favor of plaintiff. After moving unsuccessfully for a new trial and in arrest, this case is brought here by writ of error. The grounds urged for a reversal of the judgment are:

1. That the court improperly overruled defendant's application for a continuance.

2. That the court erred in dispensing with a trial by jury.

The first ground will not be noticed as the application is not incorporated in the bill of exceptions.

It is indeed passing strange that case after case is brought up here for review, upon matters of exception purely, with nothing saved upon which this court can act, when again and again it has been held that no errors (except those patent of record) would be regarded unless preserved by the Bill of Exceptions.

As to the second ground on which a reversal is sought, it may be observed that no objection was taken as to the mode of trial, but the complaint is that any trial at all was had, for it is set forth in the Bill of Exceptions that the defendant "objected to going on with the case * * * * * * * * and neither defendant nor his counsel nor any one of them at any time consented to go to trial, or waived their trial by jury either in writing or orally, nor did they demand a jury trial or take any other part in the trial, other than to appear and watch the conduct of the trial in the same manner counsel would participate in trials where the only evidence which appeared, was a note and testimony of assignment. Defendant's counsel participated in the trial to the extent of objecting to it, although they did not demand a jury or object simply on the ground that it was being tried by the court.

There are by statutory designation three cases in which a trial by jury is deemed to be waived:

" First, by failing to appear at the trial, second, by written

consent in person or by attorney filed with the clerk. Third by oral consent in court entered on the minutes."

The judgment in this case however, recites the fact of the appearance of the defendant and that " neither party requiring a jury, the cause is submitted to the court."

This recital of itself is a sufficient entry of consent within the purview of the statute.

In Vaughan vs. Scade, 30 Mo., 600 and Brown vs. H & St. Jo. R. R. Co., 38 Mo., 298, there was no waiver apparent by record of the right under discussion.

But even if the judgment did not contain a recital of the waiver referred to, the Bill of Exceptions fails to disclose any erroneous action on the part of the court below.

The defendant, as that bill shows, "Objected to going on with the case, did not consent to go to trial and did not participate therein, except to the extent of objecting thereto. "

The court might well under such a state of facts presume an abandonment of the case on the part of the defendant. The bare matter of remaining in the court-house and watching, made no sort of difference. By his conduct, defendant had, so far as a jury trial was concerned, practically severed his connection with the case, and to all intents and purposes might as well have been a thousand miles away.

The *status* of a party in a court must be defined; he ought either to appear and go to trial, and accept its incidents and consequences, or else quit the field altogether; he will not be permitted to occupy in this regard an ambiguous attitude, nor by the way attempted by this defendant, to appear or disappear or re-appear, whenever he thinks it advantageous to do so. Such feats of *legerdemain*, such thimble-rig performances better befit another arena, and are not to be tolerated in a court of justice.

Let the judgment be affirmed. The other Judges concur.