BAKER v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, *Appellant.*

DIVISION TWO.

1. **Practice:** FILING AMENDED PETITION, NOTICE OF. Where plaintiff, in the progress of a trial, obtains leave to file an amended petition and the cause is continued, and within the time allowed by the court, the amended petition is filed, and, at the next term of the court, the cause is continued by agreement of both parties, the amended petition is lawfully on file even in the absence of notice to the defendant.

2. ——— : ——— : ABANDONMENT OF TRIAL. Where the defendant in such case withdraws from court and refuses to file an answer, having first excepted to the ruling of the court in permitting plaintiff to introduce evidence under his amended petition, the supreme court will not review the judgment rendered against defendant.

3. **Supreme Court Practice:** MOTION FOR NEW TRIAL: EXCEPTIONS. The supreme court will deny relief where the trial court had no opportunity on motion for a new trial to correct its errors, nor will exceptions to the court's rulings be regarded unless saved at the time.

*Appeal from Holt Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*Huston & Parrish* for appellant.

(1) The trial court erred in permitting plaintiff to go to trial without having first served defendant with notice of the amended petition. R. S. 1889, secs. 2083. 2109; *Limbird v. Book*, 30 Mo. App. 477. (2) The defendant was not in default, had the right to stand on the very terms of the statute, and was not required to plead until notice. *Branstetter v. Rives*, 34 Mo. 318; *Beardslee v. Morgner*, 73 Mo. 22; *Wait v. Van Allen*, 22 N. Y. 319; *Luther v. Agee*, 34 Mo. 372. (3) The defendant went further than it was required as the affidavit in support of motion for new trial disclosed a meritorious defense. *Cooney v. Murdock*, 54 Mo. 349; *Judah v. Hogan*, 67 Mo. 254.

*Crosby & Rusk* for respondent.

(1) The appeal is without merit; only in the affidavit in support of the motion for new trial was any attempt made to show merits. (2) Revised Statutes, 1889, section 2083, have no reference to pleadings filed pursuant to leave of court. *Naracong v. Graves*, 8 Neb. 443. (3) A party is bound to take notice of a pleading filed in court although he may have had no intimation of it.

GANTT, P. J.—This cause is here on a second appeal. The circuit court sustained a demurrer to the petition, and this court reversed the cause for that reason and remanded it. 91 Mo. 152. The record discloses these facts: After the cause was reversed, the parties appeared in the circuit court of Holt county at the regular August term, 1887, and both announced ready for trial, and the cause proceeded before a jury duly impaneled. During the progress of the trial, the

plaintiff asked and obtained leave to file a second amended petition in forty days after the final adjournment of that term of said circuit court, and thereupon the cause was continued with such leave.

Afterwards on the eighth of October, 1887, and within the time allowed by the court, the plaintiff filed his second amended petition. He did not give defendant written notice of the time of filing as required by section 2083, Revised Statutes, 1889.

At the next regular term of the court after the second amended petition had been filed, the cause was continued by consent. No other step appears to have been taken. No mention is made of the cause otherwise. At the next term, the record is as follows: ⸲

"Josiah Baker, Jr., Plaintiff,
              v.
"The Kansas City, St. Joseph & Council Bluffs Railroad Company, Defendant.

"Here now at this day, this cause coming on for trial, comes plaintiff in person and by John S. Crosby, one of his attorneys, and comes also defendant by T. H. Parrish, one of his attorneys, and said parties announce ready for trial. Whereupon, by order of court, comes a jury of twelve men (naming the jurors) who are duly sworn to well and truly try the cause now in hearing, and a true verdict render according to the law and evidence, and thereupon plaintiff reads to the jury his second amended petition. Whereupon defendant by T. H. Parrish, one of its attorneys, says it is not ready to proceed with the trial of this cause on the ground that defendant has not been served with notice of the filing of plaintiff's second amended petition in vacation of the August term, 1887, and *withdraws from the case and refuses to file answer and make any defense to this action, having first excepted to the ruling of the court in permitting plaintiff to introduce evidence on his second amended petition.*"

Thereupon the cause by order of the court proceeded, evidence was introduced, argument heard, the jury retired, a verdict was rendered for plaintiff for $3,725, and judgment entered thereon. Afterwards at the same term defendant filed its motion to set aside the judgment thus entered and to grant defendant a trial.

The motion and affidavits in support are as follows:

| | |
|---|---|
| "Josiah Baker<br><br>*v.*<br><br>"The Kansas City, St. Joseph & Council Bluffs Railroad Company. | In the Circuit Court of Holt County, Missouri, April term, 1888. |

"Now comes the defendant and moves the court here to set aside the judgment for want of answer and the verdict of the jury assessing the damages herein, and grant it a trial in said cause, and for cause thereof says:

"*First.* That the court has no jurisdiction to hear and determine said cause on the pleadings in this case.

"*Second.* That said cause was tried on said second amended petition of the plaintiff, filed in said cause with the clerk of said court on the eighth day of October, 1887, in vacation of said court and when said court was not in session, without any notice in writing or otherwise having been given defendant or its attorneys, or any of them, that said amended petition had been filed in said cause.

"*Third.* That said court erred in proceeding with the trial of said cause on said amended petition, and in submitting the same to the jury, without any answer having been filed in said cause, and without the defendant having had an opportunity to file the same.

"*Fourth.* That the court erred in submitting said cause to a jury and proceeding with a trial thereof without the defendant or its attorneys having been notified of the filing of the said amended petition, in order that they might answer the same, and without the defendant having had an opportunity to answer the same.

"*Fifth.* That the court gave illegal and improper instructions to the jury for the plaintiff.

"*Sixth.* That the instructions given did not properly define or state the true measure of plaintiff's damages.

"*Seventh.* That the damages are excessive.

"*Eighth.* That the court admitted illegal and improper evidence on the part of the plaintiff, and that the court admitted improper and illegal evidence as to the measure of the damages.

"*Ninth.* That damages allowed were not proven in the case.

"*Tenth.* That the damages allowed were not responsive to the pleadings in the case.

"*Eleventh.* That the court erred in entering judgment on the verdict of the jury.

"HUSTON & PARRISH.
"Attorneys for Defendant."

The defendant also filed on said first day of May, 1888, the following affidavits in support of said motion:

"Josiah Baker
v.
"The Kansas City, St. Joseph & Council Bluffs Railroad Company.
} In the Circuit Court of Holt county, Missouri, April term, 1888.

"T. H. Parrish upon his oath says that he was, on the first day of August, 1887, and long prior thereto, and from thence to the present time, and now is, one of the attorneys of the Kansas City, St. Joseph & Council Bluffs Railroad Company, and as such has had the sole and exclusive charge of said case, and for and during the time aforesaid, and that the plaintiff herein never served, or caused to be served upon him, nor any other attorney in the employment of defendant, to his knowledge, a notice that he had filed in said cause a second amended petition; nor did this affiant know from any source that said amended petition had been filed until informed by the clerk, and said amended petition was read to the jury at the time the said cause was called

and the jury sworn to try the case; that this affiant, nor the defendant in consequence thereof, did not have an opportunity to answer said amended petition; that as this affiant verily believes, from his knowledge of the facts in the case, that the defendant has a good and meritorious defense to plaintiff's pretended cause of action; that the agreement charged in said petition to have been entered into by the plaintiff and Smith, this affiant verily believes does not in fact exist, and the defendant could so prove on a trial if it could have answered in said cause. This affiant further states that by the rules of the defendant none of its agents have the right to enter into any contract to furnish cars for a day certain for the shipment of stock; that the plaintiff was an old shipper, and this affiant says he verily believes that the defendant can introduce testimony on the trial of such issues tending to prove that plaintiff knew of such rules that he had full knowledge thereof at the time he charges that said agreement was made, that all shippers of stock, including the plaintiff, were required to order their cars of local-station agents, and only got them for shipments to be made in case they could be had; and that the plaintiff Baker in this case did not order his cars of said Smith, but from the local-station agent at the stations from which his shipments were to be made. All the foregoing facts this affiant verily believes the defendant can introduce testimony tending to prove.

"T. H. PARRISH.

"Subscribed and sworn to before me, this thirtieth day of April, 1888.         D. S. ALKIRE,

"Clerk of the Circuit Court."

"Josiah Baker

v.

"The Kansas City, St. Joseph & Council Bluffs Railroad Company.

In the Circuit Court of Holt county, Missouri, April term, 1888.

"Now comes S. P. Huston, and upon his oath says that he is a member of the firm of Huston & Parrish,

lawyers, and is in the employ of the Kansas City, St. Joseph & Council Bluffs Railroad Company; that the plaintiff never at any time served upon him or said firm a notice of the filing of plaintiff's amended petition in said cause; that said case has been in the care of Mr. Parrish of the firm, and I know nothing whatever of the state of the case or the proceeding therein.

"SAMUEL P. HUSTON.

"Subscribed and sworn to before me, this thirtieth day of April, 1888.          T. H. PARRISH,

"Notary Public."

"Josiah Baker
          v.
"The Kansas City, St. Joseph & Council Bluffs Railroad Company.

In the Circuit Court of Holt county, Missouri, April term, 1888.

"John D. Strong upon his oath says that he is a member of the firm of Strong & Mosman, lawyers, and that they are the general attorneys of the defendant; that the plaintiff never at any time served them, or either of them, or any other officer or agent of the defendant, to their knowledge, with notice of the filing of plaintiff's amended petition in said cause; that the said cause has been in the exclusive charge of T. H. Parrish since it was remanded from the supreme court; and that since that time they have no personal knowledge of the proceedings therein.          JOHN D. STRONG.

"Subscribed and sworn to before me, this thirtieth day of April, 1888.          T. H. PARRISH,

"Notary Public."

Said motion was taken under advisement by the court until the August term of said court, 1888. On the thirtieth day of August, 1888, it being at the regular August term of said court, said motion to set aside judgment for want of answer and the verdict of the jury in assessing damages in said cause was taken up and considered by the court, and by the court overruled to which ruling of the court in overruling said motion the defendant at the time excepted.

On the hearing of this motion, it was admitted that plaintiff was granted leave *in the presence of counsel for defendant* to file the said second amended petition.

Motion in arrest was duly filed and overruled, and the cause is here on appeal.

Section 2083 reads as follows :   " The party filing any replication, answer or amended or supplemental pleading *in vacation* shall give written notice of the time of filing the same to the adverse party, or his attorney; and until such notice is duly served such adverse party shall not be deemed to have had notice thereof, for the purpose of pleading." That this is an eminently wise provision must be conceded. It is simply on the line of that fundamental principle of law that a party is entitled to notice of all proceedings taken in court. whose purpose is to affect his rights. The statute is clear and positive in its requirements.

But it may well be doubted if the legislature had in view a pleading filed by leave of the court, obtained in the presence of the adversary party. Certainly in the ordinary practice it has never been considered a great hardship to inquire at the clerk's office, when the time expired for such pleadings.

If this notice is not given what is the result ?   Does the circuit court, a court of general jurisdiction in a case where it has obtained jurisdiction of both of the parties and the subject-matter, lose its jurisdiction, because one of the parties, either through ignorance or inattention, omits to give a statutory notice of the filing of some paper in the cause ?   Certainly not.   Nor does defendant contend that such a result followed because it was not served with the notice.   It simply contends that nothing shall be done, till the notice is given.   The circuit court, then having jurisdiction to hear the cause, and make all proper and lawful orders in the case, called the case for trial.   Now what was the condition of defendant ?   It is admitted no written notice had been served.   From the affidavit of Mr. Parrish who was

attorney for defendant and had sole charge of the case, we learn that he did not know from any source that the petition had been filed "until informed by the clerk," and the petition was read to the jury at the time the cause was called for trial. This is an ambiguous statement. It may be that the affiant intended to admit that the clerk told him of the filing before the jury was sworn ; but we resolve the doubt in his favor and will proceed on the theory that the information, that an amended petition had been filed in accordance with leave granted, came to him from the clerk and Mr. Crosby's reading of it simultaneously.

He then became aware of it. He did not then ask leave to file an answer. He filed no affidavit or other paper showing the court he was ignorant of this amended petition. He asked for no delay or continuance. Counsel seemed to think the circuit court had no authority to say whether he should have additional time to plead, or pass on the question whether he was entitled to a written notice of this pleading. The court had given the plaintiff leave to file this amended petition within forty days after adjournment. He had complied with the order. At the next term of the court the parties mutually agreed to continue the cause. This amended petition was then lawfully on file. The case that was continued was that stated in this amended petition. It was the duty of defendant to keep in mind the leave given plaintiff to amend, and, at least, inquire whether the amendment was made before he entered his general appearance by consenting to continue the cause.

Certainly it was the duty of defendant to know the state of the record when the announcement for trial was made. But as we have said, although defendant did not know of the filing until the plaintiff read it to the jury, he then knew it, and if the court had power afterwards to set aside the judgment and permit him to answer, it had the power *then* to permit him to answer, and continue the cause if justice required. By

asking this afterwards, he admits the court had juris-
diction both of the subject-matter and parties. If so, it
had as much right to grant defendant leave to plead
then, as it would have after judgment rendered.

Every presumption of law is that the court would
have granted all proper extensions of time, both for
pleadings and trial. But the defendant did not see fit
to ask either then. It deliberately walked out of court,
it asked no time, made no application for continuance.

Our courts are organized by the law to administer
justice. They are maintained at the cost of the people
that every man may have his day in court, but no suitor
can make his own rules to suit himself. The code of
procedure is designed to give all parties a hearing, and
to enable the judges to transact the public business. It
is much to be desired that all unnecessary delays should
be avoided. Delays often amount to a denial of justice.

If his adversary fail in some requirement, it is his
plain duty to submit to the court how far this dereliction
affects his rights. He cannot walk out of court, because
some step has been omitted or mistaken by his adversary.
It is the function of the court to say from time to time,
whether his rights have been invaded, and apply the
remedy. This it cannot do, when parties refuse to ask
and abide its decisions. Accordingly it has been the
uniform rule of this court to deny relief when the trial
court had no opportunity on motion for new trial to
correct its own errors, nor will exceptions to the rulings
of the court be noticed unless saved at the time.

In this record and motion for new trial, defendant
occupies the position of attempting to save objections
to any evidence under the petition, and at the same time
claims he was absent and not appearing to the amended
petition for any purpose. As was well said by
SHERWOOD, J., in *Tower v. Moore*, 52 Mo. 120, "He
will not be permitted to occupy in this regard an
ambiguous attitude, nor, by the way attempted by
this defendant, to appear or disappear or reappear

Kleiber v. The People's Ry. Co.

whenever he thinks it advantageous to do so." *Barnes v. McMullins*, 78 Mo. 260; *Kronski v. Railroad*, 77 Mo. 362; *Smiley v. Cockrell*, 92 Mo. 105.

The defendant, having folded its arms and walked out of court when it had an opportunity to speak, is in no position now to complain that it was not permitted to speak. Prudence and self-preservation alone, it would seem, would have dictated a different course of conduct. This style of practice will not be encouraged in this court. The judgment is affirmed. All concur.