West v. McMullen.

---

WEST et al. v. McMULLEN et al., Appellants.

Division Two, November 29, 1892.

1. **Practice**: DEMURRER: ANSWERING OVER. A demurrer is abandoned by answering over after the demurrer has been overruled.

2. ———: NONSUIT: REVIEW OF RULINGS. Where plaintiff takes an involuntary *nonsuit*, with leave to set it aside, which is afterwards done, this restores plaintiff to all his rights and reinstates the case for trial, and exceptions must be saved by defendant to the rulings on the last trial in order for him to have the same reviewed.

112 405
112 657

112 405
121 331
57a 388

112 405
64a 281

112 405
67a 445

112 405
141 309
143 556
73a 667

112 405
153 636
81a 504

112 405
83a 268

112 405
160 515

112 405
90a 513

112 405
169 369

West v. McMullen.

3. **Homestead:** WIDOW. A widow under act of 1875 (Laws, p. 40) has a life-estate in her homestead land which is not divested by her subsequent marriage, nor by the removal of her residence from the property. (*Kaes v. Gross, 92 Mo. 647, not followed.*)

*Appeal from Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*Robert T. Railey* and *James T. Burney* for appellants.

(1) Plaintiff had abandoned her homestead in the premises in controversy. *Smith v. Bunn,* 75 Mo. 559; *Kaes v. Gross,* 92 Mo. 647; *Duffey v. Willis,* 99 Mo. 132. (2) She, in connection with her present husband, has a full and complete legal right to a homestead in the lands upon which they now live; which is conclusive evidence of an abandonment of her homestead right in the land in controversy. Thompson on Homesteads, sec. 279; *Kaes v. Gross,* 92 Mo. 647.

*Noah M. Givan* for respondents.

(1) Appellants have no standing here, having abandoned the case before trial. No evidence that was heard at the trial is in the record or before this court. The taking of a nonsuit by plaintiff entitled her to another trial whether her nonsuit was voluntary or enforced. There had been no "judgment heretofore rendered against plaintiffs" for them to stand on. Revised Statutes, 1889, sec. 2084; *Water Works v. School Dist.,* 23 Mo. App. 227; Freeman on Judgments, sec. 261, 261a; *Taylor v. Larkin,* 12 Mo. 103. (2) Even if the case is properly here, plaintiff had not abandoned her homestead in the lands in suit, and had not acquired a right of homestead in the lands of her

present husband.  *Smith v. Bunn,* 75 Mo. 559; *Duffey v. Willis,* 99 Mo. 132.  (3)  The homestead in controversy was acquired by the widow by virtue of the statute, which passes the homestead to and vests it in her until her death, as effectually as though conveyed by deed.  It was acquired by inheritance by reason of her being his widow, and not by occupancy, and she could not lose it by abandonment.  Revised Statutes, 1889, secs. 5435, 5439.  (4)  Even if the setting aside of the nonsuit were in effect the same as the setting aside a verdict or judgment, it was a reasonable and just exercise of trial court's discretion, and was not because of plaintiff's surprise or mistake growing out of any omission of hers.  *State v. Griffith,* 63 Mo. 545; *State ex rel. v. Adams,* 84 Mo. 310; *Rickroad v. Martin,* 43 Mo. App. 603; *Ins. Co. v. Shultz,* 30 Mo. App. 91; *Fretwell v. Laffoon,* 77 Mo. 26; *Smith v. Wheeler,* 27 Mo. App. 16.

GANTT, P. J.—This action was originally commenced November 20, 1886, by Mary A. McMullen, the widow of George McMullen, for the assignment of her dower and homestead in the lands described in the petition, of which he died seized, and was occupying as a homestead at his death.  The defendants are the administrator and surviving brothers and sisters of George McMullen.  No children were born of the marriage of plaintiff and George McMullen.

The action thus commenced was continued for cause until May, 1889, when Mrs. McMullen intermarried with John T. West.  Accordingly, on the sixth of January, 1890, her husband, John T. West, was made a party plaintiff, and an amended petition filed.

To the amended petition defendants answered, and for their defense alleged that the widow since her marriage to Mr. West had removed to his residence

and abandoned the homestead, and thereby lost her right to a homestead in the lands. Plaintiffs denied this in their reply.

At the May term, 1890, the cause came to trial. The plaintiff offered evidence of her marriage to George McMullen, his ownership of the lands described, their occupancy for eighteen years as a homestead, his death, and her continued occupancy, until she began this suit for the assignment of her homestead and dower in the lands, her marriage to Mr. West, removal to his home, and that she continued to control the lands, renting them to tenants and reserving a portion for herself, down to the time of the trial.

At the conclusion of the evidence on this trial plaintiffs asked an instruction that, under the pleadings and evidence, Mrs. West, as the widow of George McMullen, was entitled to a homestead in the lands described in the petition, which the court refused, and thereupon took a nonsuit with leave to move to set the same aside, and on the twenty-eighth day of May, 1890, filed their motion to set aside said nonsuit. This motion was continued to the September term, 1890. On the twenty-fifth of September, 1890, this motion was sustained, and defendants excepted to the action of the court in granting it, and at the same time announced that "they abandoned the cause at this point, and would stand on the judgment heretofore rendered against plaintiff." The cause was then continued to the January term, with leave to defendants to file a bill of exceptions by the first day of the January term, which was done. Afterwards at the January term, the cause was again reached for trial, plaintiffs announced ready, and the defendants declined to appear; thereupon the court heard the evidence, and rendered a judgment for plaintiffs as prayed in their petition, and appointed commissioners to assign her homestead and dower, and

at the same term the commissioners filed their report, and the same, having remained on file three days as required by the rules of the court, was, on motion of plaintiffs, taken up, considered and affirmed by the court, and final judgment rendered confirming the same.

From this judgment so rendered this appeal is taken.

The errors assigned are, *first*, that the court erred in overruling defendants' demurrer to the amended petition; *second*, that the court erred in setting aside the nonsuit; and, *third*, rendering judgment for plaintiffs on the facts.

I. The defendants having answered after their demurrer was overruled abandoned the grounds of their demurrer. *Scovill v. Glasner*, 79 Mo. 440; *Pickering v. Tel. Co.*, 47 Mo. 457.

II. It will be observed from the statement of the case that the appellants have not brought to this court any of the evidence heard at the January term, 1891, when the judgment was rendered in this cause, nor have they saved any exceptions to any of that evidence. So that, as the case stands here, the circuit court, having jurisdiction, both of the subject-matter and over the persons of plaintiffs and defendants, rendered a judgment for plaintiffs, and no exceptions were saved to any ruling it made in reaching that judgment; but we are asked to set aside this judgment because the same court in this cause set aside a nonsuit which plaintiffs had taken at a former term on account of an adverse ruling of the court, and gave the plaintiffs a new trial.

When the court set aside the nonsuit, the parties were right where they were when the issues were first made up. No right of the plaintiffs or defendants had been adjudicated. Plaintiffs had been driven to a nonsuit, and the setting aside simply restored them to

a standing in court; they occupied precisely the same position as if they had voluntarily dismissed their suit and commenced a new action and defendant had answered. No action of the court previous to this was conclusive either upon the court or the parties. Had the court declined to set aside the nonsuit, this would not have been an adjudication, constituting a bar to a subsequent action, much less could it have such a result, when the court set aside the nonsuit. The only effect was to reinstate the cause for trial. This we regard too clear for argument. *Water-Works Co. v. School District*, 23 Mo. App. 227; *Wells v. Moore*, 49 Mo. 229; *Homer v. Brown*, 16 How. (U. S.) 354; *Ins. Co. v. Broughton*, 109 U. S. 121; *Templeton v. Wolf*, 19 Mo. 101. Nothing had been determined by the trial in May, and, when the cause came on for trial in January, the proceedings had in May were of no effect. The evidence heard then must be rehearsed, and the court was free to adhere to rulings made at May hearing or not, as it should appear to him then. The defendants have no standing here. They are attacking a proceeding which was entirely within the discretion of the court, and a ruling that, if it had been favorable to them, could not have affected plaintiffs' right to renew their action. Having saved no exception, nor filed any motion for a new trial at the January term, 1891, they are in no position to question any ruling or judgment of the court made at that term. *Baker v. Railroad*, 107 Mo. 230.

III. The record proper is before us, however, from which it appears the court held that Mrs. West did not forfeit her homestead by her second marriage and removal to the home of her second husband. The court finds that ever since said marriage she has continued to exercise ownership over the homestead, receiving the rents and reserving a portion of the land

for her own use.  The decision in *Kaes v. Gross*, 92 Mo. 647, would support appellant's claim that she had lost her homestead by her marriage and removal to her husband's home.  But, upon consideration, we do not think the statute was correctly construed in that case in holding that the widow lost her homestead by failing to occupy it.  Upon the death of her husband, a life-estate vested in her, and she had the right to lease it and receive the rents, issues and products.  The law of this state giving the widow and minor children the homestead on the decease of the husband and father was first passed in 1865, and was a literal copy of the statute of Vermont on the same subject.  It was construed in *Skouten v. Wood*, 57 Mo. 380, and held to vest a fee in the widow, there being no minor children. The next legislature that convened after this opinion was rendered enacted the present homestead law, using the same words as to the creation of the estate, that is, "his homestead shall *pass to* and *vest* in such widow or children  *  *  *  until the youngest child shall attain its legal majority, and until the death of such widow."  Laws, 1875, p. 60, March 18, 1875.

We think the statute vested in the widow and minor children, if any, *an estate for her life,* and during their minority, and not a mere right of occupancy. Decisions upon statutes essentially different from ours throw no light upon the question.  But our own decisions and those of the Vermont courts and of New Hampshire, under the act of 1868, determine that the homestead is a life-estate in land, and not a mere exemption dependent upon occupancy, and being a vested life-estate, the widow may use or rent it out as she sees fit during her life.  *Rockhey v. Rockhey,* 97 Mo. 76; *Freund v. McCall,* 73 Mo. 343; *Lake v. Page,* 63 N. H. 318; *Skouten v. Wood,* 57 Mo. 380, and cases cited; *Day v. Adams,* 42 Vt. 516.

We have thought best to express our opinion as to the correctness of the judgment, lest the parties should feel inclined to question the title to this homestead in some other form. While we hesitate somewhat to announce a conclusion different from that reached in *Kaes v. Gross*, 92 Mo. 647, it seems to us that the ruling ought no longer to be followed.

The judgment is affirmed.    All concur.