MEYER, Appellant, v. BRISTOL HOTEL COMPANY et al.

|163 59|
|165 487|

Division Two, May 21, 1901.

1. **Practice:** INTERVENTION OF: NEW PARTIES: CORPORATION: EQUIVO-CAL STOCKHOLDER. None but parties to an action should be permitted to interfere with its management. Where suit was brought against a corporation on a note and the corporation in its answer admitted the obligation, and another person files a motion to be made a party defendant, charging that the corporation is insolvent, and its direc-

tors unfriendly to him, that it has a substantial defense to the action, and that its purpose is to obtain a *nulla bona* return to an execution against the company and then to proceed against him as a stockholder, that under a true interpretation of the law he is not a stockholder, but that the Court of Appeals in another suit has held him to be a stockholder and liable as such, and therefore he desires to be made a defendant, so that he may make defense to the action, the motion should be denied. The plea is too evasive. The mover should be compelled to admit he is a stockholder or his motion be denied. He should not be given the privilege of a stockholder to contest plaintiff's claim, and at the same time, if unsuccessful, reserve the right to defend when the execution is returned *nulla bona.*

2. ———: ———: STOCKHOLDER: STOCK PAID UP. A holder of the stock of a company, who does not allege that he is a stockholder, or that the stock is liable for unpaid subscriptions, should not be permitted to be made a party defendant to a suit against the corporation. If his stock is fully paid up he is not individually liable, and in case of judgment against the corporation, the defense that his stock has been fully paid up will be open to him when an assessment is attempted.

3. ———: ———: CORPORATION AS DEFENDANT: RIGHT OF STOCKHOLDERS: LIMITATIONS. In order to entitle a stockholder, who has not paid the full amount of his subscription, to be made a party defendant in a suit against a corporation, and to set up the defense that the note which is the basis of the suit is barred by the statute of limitations, there must be such an allegation of fraud or collusion between the plaintiff and the directors as would justify the court in taking the defense out of the hands of the directors.

Appeal from St. Louis City Circuit Court.—*Hon. Jacob Klein,* Judge.

REVERSED AND REMANDED *(with directions).*

*O. J. & R. Lee Mudd* for appellant.

(1) The law does not warrant any intervention and defense by Thompson and Richardson, or either of them, upon the record in this case. Because (a) The statute defines who

may be made parties defendant, and the intervenors neither have nor claim "an interest in the controversy adverse to the plaintiff," nor are they necessary parties "to a complete determination or settlement of the questions involved therein." R. S. 1899, secs. 543-545; Gardner v. Armstrong, 31 Mo. 535; Michael v. Ins. Co., 17 Mo. App. 23; Browning v. Hilig, 69 Mo. App. 595; Kortjohn v. Seimers, 29 Mo. App. 271; Boyer v. Hamilton, 21 Mo. App. 520; Green v. Conrad, 114 Mo. 651; Bank v. Marsh, 3 Seld. 481; Blackman v. Railroad, 58 Ga. 189, cited with approval in Wilson v. Railroad, 108 Mo. 600. (b) Neither Thompson nor Richardson are shown to be stockholders in the defendant hotel company. Erskine v. Loewenstein, 82 Mo. 301. (c) The applications of Thompson and Richardson for leave to appear and defend both fail to state facts which would, in any event, warrant their right to intervene and defend against this action, either on their own behalf or on behalf of defendant hotel company. 4 Thompson on Priv. Corp., secs. 4471 to 4479; sec. 4589 and sec. 4590; Slattery v. Transportation Co., 91 Mo. 217; Hawes v. Oakland, 104 U. S. 450; Detroit v. Dean, 106 U. S. 537; Forbes v. Railroad, 2 Woods, 323; Huntington v. Palmer, 104 U. S. 492; Allen v. Wilson, 28 Fed. 677; Hannerty v. Theatre Co., 109 Mo. 297; Albers v. Merchants' Exchange, 45 Mo. App. 206. Failure to set up the plea of the statute of limitations as a defense to an action, is not a violation of trust or duty on part of the corporation, but is consistent with duty. Norton. v. Freker, 1 Atk. 526; Carder v. Primm, 47 Mo. App. 301; Sanger v. Nightingale, 122 U. S. 176; 2 Wood on Limitations, sec. 188, p. 473. No other fraud, collusion or breach of trust is pleaded, and so the application is fatally defective. Nichols v. Stevens, 123 Mo. 96. (d) The assertion or waiver of the statute of limitations is a personal privilege of the debtor, and, in case of a corporation debtor, may be exercised

only by the governing authority of the corporation, but may not be exercised by a stockholder. Davis v. Gimmell, 21 Atl. Rep. 712; Slattery v. Transportation Co., supra. (2) The court erred in sustaining the demurrers. The five-year statute of limitations is inapplicable. Reyburn v. Casey, 29 Mo. 129; s. c., affirmed, 31 Mo. 252; Bridges v. Stevens, 132 Mo. 552. The ten-year statute would apply, but ten years had not elapsed since a cause of action accrued to plaintiff or his assignor and before the filing of the suit at bar. The agreement of the hotel company to pay the note was an agreement to pay the note when it should become due and payable. There was no breach of defendant's undertaking and no cause of action accrued thereon until the maturity of the note, which was February 13, 1886. This suit was filed December 10, 1895. Schumacher v. Seibert, 18 Kan. 104; R. S. 1899, secs. 4271 and 4272; Johns v. Fenton, 88 Mo. 64. (3) Judgment should be entered in this court, on the pleadings, for plaintiff and against the defendant hotel company, for the notes with accrued interest. Boyer v. Hamilton, 21 Mo. App. 520. (4) The petition is not demurrable for duplicity. Stillwell v. Hamm, 97 Mo. 579.

*Given Campbell* for respondents.

(1) The court made no error in allowing Thompson and Richardson, stockholders, to be made parties defendant. (a) The judgment against the Bristol Hotel Company would have been conclusive upon the stockholders. Nichols v. Stevens, 123 Mo. 115; Bank v. Farnum, 176 U. S. 640. (b) The stockholders were rightly made parties. R. S. 1889, sec. 1993; Green v. Conrad, 114 Mo. 665; Chouteau v. Allen, 70 Mo. 290; Railroad v. Hatton, 102 Mo. 56; Valle v. Cerre's Admr., 36 Mo. 584; Bronson v. Railroad, 2 Wall. 302; United States

v. Williams, 111 U. S. 698; Campbell v. Railroad, 1 Woods, 379; Peck v. Steamship Co., 2 Bosworth, 622; Majors v. Taussig, 20 Colo. 44; Bayless v. Railroad, 8 Biss. 193; Merrill v. Mfg. Co., 46 Minn. 260; Cook on Stockholders, sec. 827, p. 1327, sec. 848, p. 1353. (2) The demurrers were properly sustained, because the petition did not state a cause of action on behalf of plaintiff, John P. Meyer v. Bristol Hotel Company. (a) The suit was not upon the note, but upon the alleged contract of assumpsit set out in the petition for account of Thatcher. The liability, if any, was upon the promise made to Thatcher. These notes are not the debt, but only evidence of the debt. 107 Ills. 54; 90 Pa. St. 78; 64 N. W. Rep. 21. (b) The plaintiff had no right to sue upon the contract as alleged in the amended petition. Willard v. Woods, 135 U. S. 314; Bank v. Grand Lodge (Mo.), 98 U. S. 123; State v. Railroad, 125 Mo. 600; Howsman v. Water Co., 119 Mo. 307; Fitzgerald v. Barker, 70 Mo. 685; Heim v. Vogel, 69 Mo. 535; s. c., 85 Mo. 13; Simpson v. Brownell, 68 N. Y. 335; Bank v. Thornton, 44 Pac. Rep. 466; Daniels on Negotiable Instruments, secs. 1774, 1776; Crone v. Stinde, 156 Mo. 262. (3) The suit having been brought upon the promise stated in the petition, was barred by the limitation. First. Of five years from its date. Menefee v. Arnold, 51 Mo. 536; Carr v. Thompson, 67 Mo. 472; Harper v. Eubank, 32 Mo. App. 264. Second. By the limitation of ten years from its date.

GANTT, J.—This is an action by John P. Meyer, as the assignee of a note executed by D. C. Thatcher to Hudson E. Bridge in part payment of a certain leasehold and personal property in the city of St. Louis. Thatcher, it is alleged in the petition, by written agreement sold the leasehold and personal property to the Bristol Hotel Company, a corporation,

and the said company assumed and agreed to pay the said note at its maturity as a part of its obligation to Thatcher.

The corporation was served and by its counsel answered that the allegations of the petition were true.

Before judgment was entered for the plaintiff, however, Judson M. Thompson for himself, and Wm. C. Richardson as administrator of D. C. Thatcher, deceased, moved the court to be made defendants in said action.

The application of Judson M. Thompson, omitting caption and formal parts, is in the words and figures following:

"Now at this day comes Judson M. Thompson, and moves the court for an order allowing him to be made a party defendant in the above entitled cause, for the following reasons:

"*First.* Because the said Bristol Hotel Company is utterly insolvent and unable to respond to a judgment should one be rendered against it in this case, and the stockholders of said company are insolvent except as hereinafter set forth.

"That plaintiff is prosecuting this cause with a view to obtain a judgment against defendant and to have an execution issued thereon and returned *nulla bona* for the purpose of proceeding by motion against this mover, whom plaintiff claims to be a stockholder of said Bristol Hotel Company, to subject him to the payment of any judgment which may be obtained in this case.

"That while plaintiff believes that upon a true interpretation of the law and facts, he is not a stockholder of said company, but he says that the St. Louis Court of Appeals in the case of August K. Farrar vs. this mover, and the case of S. T. Hauser, trustee, vs. this mover, has decided in both cases that this mover was a stockholder of said Bristol Hotel Company, and mover was obliged to pay the judgments rendered in said cause which were not appealable to the Supreme Court of this State, and mover's relation to said Bristol Hotel Company has

not been altered since the production of said two suits against said Bristol Hotel Company and this mover, yet it is a matter of grave doubt, and if it should be held by the Supreme Court of Missouri, that he was a stockholder, he is entirely responsible and should be the only person interested in defending this suit.

"*Second.* That the directors of said company are unfriendly to mover, and have appointed counsel to represent said company in said suit, and instructed him to file an answer admitting the truth of plaintiff's petition; and said Thompson has just been informed that the counsel employed by said directors of said Bristol Hotel Company in said cause, has filed an answer, admitting the truth of all the allegations in the petition of plaintiff, and that he is informed and believes that the said defendant corporation has one or more good and substantial defenses to said cause of action, which if properly pleaded, would defeat same; and this mover agrees to give bond to indemnify said defendant against all costs and expenses of defending said suit if this motion is granted.

"Wherefore, in consideration of the premises, said Judson M. Thompson moves the court for leave to appear and file an answer for and on behalf of said corporation, as well as on his own behalf to the alleged causes of action set up in plaintiff's petition."

Which motion, over the objection and exception of plaintiff, was sustained, and plaintiff duly excepted.

Application was made by Wm. C. Richardson, administrator of D. C. Thatcher, to be made a defendant, substantially like that of Judson M. Thompson, save that he alleges that "among the assets of said estate which have come into his hands as such administrator and which are now held by him, is a large amount of the capital stock of the Bristol Hotel Company, a

corporation organized and existing under the laws of this State, and domiciled in the city of St. Louis." His motion was also sustained, over the objection of plaintiff, to which ruling plaintiff duly excepted at the time.

Thereupon said Thompson and Richardson filed their demurrers to the petition of plaintiff, which were sustained, and plaintiff declining to plead further, final judgment was rendered for defendants, from which plaintiff appeals to this court.

I. The first question to be determined by this court, and one which may obviate the investigation of other propositions mooted and discussed by counsel, is, the propriety of permitting Judson M. Thompson and W. C. Richardson to become parties defendant to this action, and to file demurrers to plaintiff's petition.

This in turn may be considered from two standpoints. Granting that a stockholder may under any circumstances be admitted to defend an action against the corporation of which he is a member, was the showing made by these two parties sufficient to justify the court in permitting them to become parties?

It is fundamental that none but parties to an action will be allowed to interfere with its management. Any other rule must necessarily produce endless confusion. Applying this general principle to this case and we have a plain action at law by Meyer, as plaintiff, and the Bristol Hotel Company, as defendant. The defendant company had filed its answer admitting the allegations of the petition. At this juncture, Judson M. Thompson and Wm. C. Richardson, the latter as administrator of D. C. Thatcher, by written motions pray the court that they may be made defendants and file an answer for the corporation defendant, and for themselves.

Thompson on his part does not show to the court that he is even a stockholder in the company. He avers "that plaintiff is prosecuting this cause with a view to obtain a judgment

against defendant [the Bristol Hotel Company] and to have an execution issued thereon and returned *nulla bona* for the purpose of proceeding by motion against this mover [Judson M. Thompson] whom plaintiff claims to be a stockholder of said Bristol Hotel Company, to subject him to the payment of any judgment which may be obtained in this case." That while the mover believes that upon a true interpretation of the law and the facts *he is not a stockholder of said company,* he says the St. Louis Court of Appeals, in the cases of August Farrar v. Thompson, and S. T. Hauser v. Thompson, decided that Thompson was a stockholder in said company, but those cases were not appealable to the Supreme Court, and while Thompson's relation to said company has not changed, yet it is a matter of grave doubt, and if it should be held by the Supreme Court that he was a stockholder he is entirely responsible, etc.

This is not an unequivocal admission or denial that he is a stockholder and unless he is he has no part or lot in the controversy of plaintiff with that company. The substance of all he says is that he desired the privilege of a stockholder to contest plaintiff's judgment, but if unsuccessful he reserves his right to defend when the execution is returned *nulla bona* on the ground that he is not a stockholder.

A court of justice can not tolerate such an evasive plea. He should have been compelled either to admit he was a stockholder, or his petition to interfere as such should have been denied. He had no standing in court upon the facts he stated.

In State ex rel. Snyder v. Newman, 91 Mo. 451, the averment was: "And *if perchance, construed not to have been an inhabitant of* said city," etc., and this court held such *evasive statement* must be regarded as an admission that he was not an inhabitant.

A parallel to the position assumed by Thompson in this

case will be found in Smiley v. Cockrell, 92 Mo. 112, in which this court said: "But, waiving any further discussion of this point, these executors could not, as they attempted to do in the circuit court, disavow their executorship and still claim and exercise their right to *defend the suit in that capacity;* they could not occupy the ambiguous attitude of appearing and not appearing at the same time; thus taking their chances to defeat the suit *as* suitors or to defeat it on the ground that they were *not* suitors." [Baker v. Ry. Co., 107 Mo. 239; Tower v. Moore, 52 Mo. 120.]

Whatever the rights of a stockholder, the movant, Thompson, upon his showing, should not have been allowed to interfere in the conduct of the defense by the corporation, which was represented by counsel selected by its board of directors.

The learned circuit court erred in admitting him to become a party upon such an evasive statement of his relation to the company, if for no other cause.

II. Does Richardson, the administrator of Thatcher, appear in any more advantageous light? We think not. He does not affirmatively allege that Thatcher was a stockholder, nor that the stock which he found was liable for unpaid subscriptions. *Non constat,* but it was fully paid up and not liable to assessment, and if so, a judgment against the corporation would not have affected the estate of his intestate. His motion leaves him free in case of judgment to contest the ownership of the stock, and its liability to assessment. Both motions, in our judgment, should have been denied.

III. But even if they were bona fide stockholders and their stock had not been paid for in full, there was no such allegation of fraud or collusion between the plaintiff and the directors as would have justified the court in permitting them to take the defense of the corporation out of the hands of the directors who are the agents and trustees of the corporation. The

allegation that plaintiff intended to endeavor to hold Thompson and Thatcher's estate for unpaid subscriptions on their stock is not a charge of fraud. There is no absolute rule of law which requires the board of directors in the name of the corporation to plead the statute of limitations, and that is the defense interposed in the demurrer. The general rule is that the stockholders have no right to maintain or defend actions for or against the corporation. This duty the law devolves upon the directors as the trustees and agents of the corporation. [Bronson v. La Crosse R. Co., 2 Wall. (U. S.) 283, 301.]

And there is nothing in the allegations of these two motions to take the case out of the general rule.

No fraud or collusion is charged and every presumption should be indulged, in the absence of such a charge, that the directors were acting for the best interest of the corporation.

If Thompson was in arrears on his stock, they were bound by no rule of law or fair dealing with the creditors of the company to attempt to deprive them of that fund to which creditors were entitled to look. As the record discloses the corporation had no defense to the action, and as neither Thompson nor Richardson was a proper party to the suit and upon their showing were not authorized to interfere in the action, the judgment should have been awarded for the plaintiff. The said judgment is reversed and this cause is remanded with directions to the circuit court to enter judgment for plaintiffs against said Bristol Hotel Company for the amount of the two notes sued on with interest and costs, and the costs of this appeal is adjudged against the said Thompson and Richardson.

*Sherwood, P. J.,* and *Burgess, J.,* concur.